Margaret **BEHRINGER** and Lewis Behringer, Appellants,

v.

**LYBRAND & MORGAN**, Appellees.

In the Matter of **BEHRINGER'S, INC.**, a corporation, Bankrupt.

Lewis **BEHRINGER** and Margaret Behringer, Appellants,

v.

Harry W. **PRIEST**, Attorney for Trustee, Appellee.

Nos. 6017, 6023.

United States Court of Appeals
Tenth Circuit.

Sept. 22, 1959.

---

1. J. A. Folger & Co. v. United Fruit Co., 170 F.Supp. 933.

Margaret Behringer and J. B. Dudley, Oklahoma City, Okl., for appellants.

W. A. Lybrand and Max G. Morgan, Oklahoma City, Okl., for appellees.

Harry W. Priest, Oklahoma City, Okl., for trustee, appellee.

Before BRATTON, Chief Judge, and PICKETT, Circuit Judge and KNOUS, District Judge.

KNOUS, District Judge.

These are companion appeals from orders of the district court in the matter of Behringer's, Inc., a corporation, bankrupt. In case number 6017 the appeal is from an order reducing the claim of George F. Short and Margaret Behringer, attorneys at law, for attorneys' fees and expenses rendered the bankrupt before bankruptcy, from $18,950 to $3,000 and from another order allowing a fee of $3,000 to Lybrand and Morgan, attorneys at law, for fees and expenses likewise rendered the bankrupt before bankruptcy.

Case number 6023 is an appeal from an order making temporary allowance to the attorney for the trustee in bankruptcy.

It appears that in 1955 F. D. Behringer was a majority stockholder and Lewis Behringer a minority stockholder in Behringer's Inc. In that year there began in the state courts of Oklahoma the first of several suits essentially between Lewis Behringer and the other stockholders. Short and Behringer were counsel for Lewis Behringer, and Lybrand and Morgan represented first the corporation and later the interests that opposed Lewis Behringer in his stockholder action in the state court. Before the state court suits were terminated Behringer's, Inc., was adjudicated bankrupt. Lybrand and Morgan then filed the claim in bankruptcy here in controversy for legal services rendered the bankrupt corporation from March, 1954, until bankruptcy, apparently amounting to $4,731.[1]

George Short and Margaret Behringer also filed a claim in bankruptcy in the amount of $18,950 for legal services furnished the corporation in the state court

actions and for expenses incurred by them in connection therewith. The trustee in bankruptcy filed objections to both claims. The appellants also objected to the allowance of the claim of Lybrand and Morgan. Thereafter, on June 7, 1957, both claims came up for hearing in open court. Among those present at that time were Harry W. Priest, attorney for the trustee, J. B. Dudley, attorney for Margaret Behringer and Lewis Behringer, and George F. Short, co-claimant on the Short and Behringer claim for attorneys' fees. Miss Behringer, while nearby, was not present at the bar of the Court. Such apparently was due to her uncertainty as to her status following an occurrence which took place two days before, June 5, 1957, in the course of a hearing on another matter in the same bankruptcy estate. On that occasion the Court, induced by what at least must be denominated near-contemptuous conduct by Miss Behringer, stated: "I am going to have to ask, because of Miss Behringer's attitude, that she no longer appear in this Court on this matter or any other." Her attorney promptly apologized for Miss Behringer's conduct, but Miss Behringer herself concluded her remarks to the Court by saying: "I don't want to practice before you." At the outset of the June seventh hearing, because of the last mentioned episode of June fifth, Mr. Dudley sought leave to withdraw as counsel for Miss Behringer, but was dissuaded by the Court. Following this Mr. Priest, the attorney for the trustee, announced that after a conference with counsel he was willing to withdraw his objections to both claims if they were reduced in amount to the neighborhood of $2,850 each. After some discussion the Court indicated that it would give consideration to allowing the two claims in the amount of $3,000 each if that was agreeable to the claimants. Mr. Morgan, for Lybrand and Morgan, signified his

1. The claim appearing in the record was filed by Max Morgan individually in the sum of $4,000 but apparently from numerous statements to that effect appearing in the record claims for services and expenses in the sum of $4,731 were involved.

approval of an allowance of the Lybrand and Morgan claim in that amount, and Mr. Short, co-claimant with Margaret Behringer, indicated that the arrangement was acceptable to him. At this point the Court asked Mr. Dudley, attorney for Miss Behringer, to confer with her about the matter and report her decision to the Court. The record shows that recess was had following which Mr. Dudley reported that Miss Behringer had agreed to the arrangement with respect to her claim. It also appears from inferential statements in the record that Mr. Short also conferred with Miss Behringer and likewise reported to the Court that the allowance of their joint claim in the reduced amount would be acceptable to Miss Behringer. The Court then announced from the bench that each of the claims would be allowed in the sum of $3,000. Some time afterwards, when the formal orders of allowance were presented, the Court noted that the written approval of Miss Behringer was not appended to the orders as were those of the other claimants involved, and refused to sign the orders; finally, more than a year later, on July 8, 1958, the claims were again set for hearing. Among those present at this second hearing were Miss Behringer, Mr. Priest, attorney for the trustee, Mr. Dudley, who appeared for Lewis Behringer, Mr. Lybrand of the firm of Lybrand and Morgan, and Mr. George F. Short. Following an extended discussion of the whole matter in open court, the Court concluded to adhere to the disposition made on June 7, 1957, and signed formal orders allowing each of the claims in the sum of $3,000. It will be noted that Mr. Short, co-claimant with the appellant Margaret Behringer, was satisfied with the disposition made by the Court and does not join in the appeal from the reduction of the joint claim or the allowance of the Lybrand and Morgan fee.

The appellants strenuously object to the allowance of any fee to Lybrand and Morgan upon the basis that Mr. Short and Miss Behringer, and not Lybrand and Morgan, represented the bankrupt in the state court proceedings. In fact, a major portion of appellants' brief is devoted to the discussion of this point. However, in the light of a motion by Lybrand and Morgan to dismiss the appeal in number 6017 insofar as it pertains to the order allowing their claim, and the state of record before us, we are satisfied that the merits of appellants' last mentioned contention cannot be reached herein. The appellants filed the notice of appeal as "claimants," which for aught that appears in the record must be considered as being synonymous with general creditors of the bankrupt corporation.

In Heiser v. Woodruff, 150 F.2d 867, certiorari denied 326 U.S. 778, 66 S.Ct. 271, 90 L.Ed. 471, this Court outlined the procedure which a general creditor must follow to appeal from the allowance of another creditor's claim. In this connection Judge Bratton, speaking for the Court in the above entitled case, 150 F.2d at page 868, said:

"* * * And it has been held over a long period that in ordinary circumstances a general creditor in a bankruptcy proceeding cannot maintain an appeal from an order or judgment of the district court allowing a claim of another creditor which merely affects the estate generally. His remedy is to call upon the trustees to appeal from an order or judgment of that kind, and if the trustee refuses the creditor may apply to the court for an order authorizing him to proceed with the appeal. [Citations omitted]"

There is no showing here that appellants ever requested the trustee to appeal from the order allowing the Lybrand and Morgan fee, nor was any formal order ever entered by the Court authorizing the appellants to so do. Hence, the motion of Lybrand and Morgan to dismiss the appeal in number 6017, insofar as it deals with the order allowing their claim, must be sustained.

The fact that the Court, in the course of this protracted and trying

proceeding mentioned from the bench that Miss Behringer might appeal from the dispositions made, if she wished, does not remove the necessity for her observing and following the above stated procedure; nor, in the situation here attending can the Court's extension of time to docket the appeal be considered as a grant of authority to appeal within the meaning of the Heiser case. This is so since only a portion of the appeal in number 6017 is subject to the requirements of the Heiser case. Cf. Connelly v. Hancock, Dorr, Ryan & Shove, 2 Cir., 195 F.2d 864. The saving of an exception to the ruling allowing this claim, a matter of no consequence under federal procedure (Rule 46, F.R.Civ.P. 28 U.S. C.A.), adds nothing to the situation.

The appeal in number 6017 from the order allowing the Lybrand and Morgan claim therefore must be dismissed.

■ Passing now to the other phase of the appeal in number 6017, it is first contended by the appellants that the order reducing the Behringer and Short claim for attorney fees to $3,000 should be reversed because of the fact that Margaret Behringer was denied the right to attend a conference of counsel held in chambers preceding the hearing on the claims in open court on June 7, 1957. No stenographic record of this conference was kept. However, it is conceded that the conference was attended by Miss Behringer's attorney of record. It is to be inferred that she was not present because of the episode of June fifth hereinabove mentioned. It was also certain from the record that the allowance of the claim in reduced amount was made in open court and not in chambers. As we have mentioned, counsel for Miss Behringer was present at the time of the allowance in open court on June 7, 1957, and she was present in person at the hearing on June 8, 1958. Hence, the first contention is without merit.

It is next asserted that "excessive pressure was put on Margaret Behringer to apparently coerce her into reducing her attorney fee claim for $18,000.00 to $3,000.00." The record likewise offers no support to this contention. Her consent to the reduction of the claim was expressed to her own attorney and to her co-claimant out of the presence of the Court during recess taken to permit counsel to confer with her.

The last contention, that the trial court was prejudiced against appellants, finds no support in the record.

Thus, the appellants have failed to show that the Court committed any prejudicial error in law or indulged in clear mistake of fact in allowing the Short and Behringer claim in the reduced amount of $3,000. Therefore, the judgment on this claim appealed from in number 6017 is affirmed. Forbush Co. v. Bartley, 10 Cir., 78 F.2d 805; 2 Collier, Bankruptcy, § 25.30 (14th Ed. 1941).

As has been stated above, the appeal in number 6023 is from an order of the Court making a partial allowance of fees to Mr. Harry W. Priest as attorney for the trustee. In his application to the Court Mr. Priest requested $2,500 as a partial allowance for attorney's fees and $250 reimbursement for expenditures for stenographic and clerical help. The appellants objected to the allowance of the application, following which a hearing was held in open Court in the course of which Mr. Edward N. Box, an attorney at law, testified that a reasonable fee for the services rendered by Mr. Priest would be $5,000 to $7,500. Mr. Coleman Hayes, another attorney, testified that the minimum should be more than $5,000, with a maximum of $7,500. The appellants offered no evidence in opposition.

At the conclusion of the hearing the Court, who from observation was familiar with the matters involved, denied the claim of $250 for expenses, but allowed $2,750 as a partial allowance for attorney fees.

■ Mr. Priest was not bound, as appellants contend, by the $2,500 allegation in his application where, as here, the

evidence supported a higher award. See Kizziar v. Dollar, 10 Cir., 268 F.2d 914, July 23, 1959.

Nor does the circumstance also relied upon by the appellants that Mr. Priest had previously been allowed a fee in this bankruptcy for representing petitioning creditors, preclude the allowance of attorney fees to him as attorney for the trustee. Of course, it is well established that the District Court's discretion in the allowance of attorney's fees in bankruptcy matters will not be interfered with on review unless the allowance was plainly wrong or an abuse of discretion is shown. See 6 Remington on Bankruptcy, § 2672, p. 212–213. There is nothing in the record to indicate that the allowance complained of was clearly erroneous or arbitrary, and for this reason we cannot substitute our judgment for that of the District Court. In re Paramount Merrick, Inc., 2 Cir., 252 F.2d 482; 3 Collier on Bankruptcy, § 62.12 (14th Ed. 1941).

Accordingly, the judgment appealed from in number 6023 is affirmed.