Solomon GIRSH and Robert B. Rottman,
d/b/a Girsh and Rottman, Appellants,

v.

Louis KATCHEN, Appellees.

No. 9364.

United States Court of Appeals
Tenth Circuit.

Sept. 5, 1967.

Solomon Girsh, of Girsh & Rottman, Denver, Colo., for appellants.

Fred M. Winner of Winner, Berge, Martin & Camfield, Denver, Colo., for appellees.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question presented is the amount of fees to which the attorneys for a trustee in bankruptcy are entitled. The attorneys, appellants here, requested $22,000. The referee allowed $20,000. On petition for review filed by appellee, a general creditor, the district court reduced the award to $15,000. This appeal followed.[1]

Appellants say that the district court erred in entertaining the petition for review because it was brought by a general creditor without any request to the trustee for such action. Behringer

<hr />

1. We have jurisdiction under Bankruptcy Act § 24, 11 U.S.C. § 47(a).

v. Lybrand & Morgan, 10 Cir., 270 F.2d 670, and Heiser v. Woodruff, 10 Cir., 150 F.2d 867, recognize the rule that ordinarily a general creditor may not appeal from an order of the district court to the court of appeals without a request to the trustee and, if denied, a permissive order. We are concerned with a petition to the district court to review an order of the referee. The Bankruptcy Act grants unqualified power to the district courts to review orders of referees;[2] and that power may be exercised sua sponte.[3] A person aggrieved by a referee's order may petition for review.[4] A general creditor is aggrieved by an excessive allowance because it affects the amount of his recovery. In the case at bar the general creditor had the right to seek review by the district court.

■ The appellants say that the findings of the referee, not the findings of the district court, are binding on us unless clearly erroneous. They are correct;[5] but the principle does not help them. The referee made no findings of fact and conclusions of law and filed no memorandum opinion. He simply entered a minute order which recites that he finds certain fees are "just, proper and lawful" and allows them. Included in the list is a fee to the appellants in the amount of $20,000. The disposition of the ultimate issue is not a finding of any facts to support that disposition.

In any event, the facts are not disputed. Appellants presented a verified petition for the allowance of fees. Attached thereto were schedules showing the time spent by each. The total is 696¼ hours over a period of 5½ years. The supporting evidence was the testimony of the attorneys that they spent the time claimed and that "they were retained on a general retainer and not on the basis of any contingent fee."

The total receipts of the trustee were about $87,000. Of that amount $12,745 was cash in the debtor's bank accounts, $16,750 was from the sale of personal property, about $52,000 was from the litigation to be mentioned, and the balance of approximately $6,500 from collection of accounts and miscellaneous items. All of the legal work except the litigation was routine. The attorneys were successful in a bitterly fought lawsuit that went through the district court to the court of appeals [6] and on certiorari to the Supreme Court of the United States.[7] Another attorney presented the case for the trustee to the Supreme Court and received a fee of $750 which is not contested.

■ The attorneys are entitled to a fair and reasonable fee.[8] In a comprehensive memorandum opinion the trial judge made a careful and detailed analysis of the petition for fees and accompanying schedules. He took into consideration the time spent, the difficulty of the questions presented, the size of the estate, the results obtained, and the fee schedules of the Denver Bar Association. We cannot say that the conclusion which he reached is erroneous as a matter of law.

Affirmed.

2. Sections 2(a) (10) and 62(a) of the Bankruptcy Act, 11 U.S.C. §§ 11(a) (10) and 102(a). See Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 151–153, 63 S.Ct. 133, 87 L.Ed. 146.

3. Heiser v. Woodruff, 10 Cir., 150 F.2d 867, 868, certiorari denied 326 U.S. 778, 66 S.Ct. 271, 90 L.Ed. 471.

4. Bankruptcy Act, § 39(c), 11 U.S.C. § 67(c).

5. Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 530, certiorari denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734.

6. See Katchen v. Landy, 10 Cir., 336 F.2d 535.

7. See Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391.

8. Watkins v. Sedberry, 261 U.S. 571, 577, 43 S.Ct. 411, 67 L.Ed. 802.