**In re SWEETWATER, a Utah corporation, et al., Debtors and Debtors in Possession.**

**CITICORP ACCEPTANCE CO., INC., Appellant**

v.

**RUTI–SWEETWATER, et al, Appellee.**

Bankruptcy Nos. 83A–2582 to 83A–2584, 83A–2579 to 83A–2581, 83A–3258 and 84A–0173.

United States District Court, D. Utah, C.D.

Feb. 28, 1985.

L. Mark Ferre, Salt Lake City, Utah, and John Spelman, New York City, for Citicorp Acceptance Co.

Ralph R. Mabey and Steven J. McCardell (Robert Nelson, on brief), Salt Lake City, Utah, for RUTI–Sweetwater, the reorganized debtor.

## MEMORANDUM OPINION

JENKINS, Chief Judge.

This is an appeal from the June 8, 1984, Bankruptcy Court order permitting disbursement of $30,000 to officers of the debtor in satisfaction of those officers' claim for post-petition wages. It is also an appeal from the Bankruptcy Court order confirming the debtors' plan of reorganization.

On November 2, 1984, this court heard oral arguments on the appeal. L. Mark Ferre and John Spelman appeared for the appellant creditor, Citicorp. Ralph R. Mabey and Steven J. McCardell (Robert Nelson with them on the brief) appeared for the appellee, RUTI–Sweetwater, which is the reorganized debtors. At that time, the court affirmed the Bankruptcy Court's order confirming the debtors' plan of reorganization. The court reserved ruling on the question concerning the order permitting the debtors to pay the officers' then unpaid post-petition wages. After considering the arguments advanced by the parties, the court now enters this memorandum opinion.

The debtors in these Chapter 11 cases, Sweetwater and seven related entities (referred to here collectively with RUTI–Sweetwater as "Sweetwater"), operate timeshare vacation condominiums. In late 1983 and early 1984, the eight debtors filed petitions for relief under Chapter 11. The cases were then consolidated for purposes of administration.

The Appellant, Citicorp, filed a proof of claim in the Bankruptcy Court alleging that Citicorp owned certain contracts, notes, and timeshare units in which Sweetwater might assert an interest. Citicorp claimed in the alternative that it was a secured creditor in the amount of $2,256,412.40.

## I. Bankruptcy Court's Order Confirming the Plan.

At the conclusion of oral arguments, this court ruled in open court and on the record that the Bankruptcy Court's order confirming the plan of reorganization was an appropriate order. The court now sets forth its reasoning in writing.

Citicorp voices three principal objections to Sweetwater's plan of reorganization. First, Citicorp claims that the plan did not satisfy the so-called "cram down" provisions of section 1129(b).[1] Second, Citicorp argues that the plan was modified so extensively during confirmation hearings that the plan as confirmed was based on inadequate disclosure. And third, Citicorp asserts that there was an inadequate factual basis to justify substantive consolidation.

*A. Citicorp was Unimpaired Under the Plan.* Paragraph 5.50 of Sweetwater's proposed plan of reorganization treated Citicorp's claim as follows:

---

**1.** All statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

5.50 *Class 4.14. Citicorp Acceptance Company, Inc.* The Class 4.14 Claim of Citicorp shall be treated as follows:

(1) The Reorganized Debtor, following Confirmation and pursuant to 11 U.S.C. § 1123(b)(3), reserves the right to seek to invalidate the lien of Citicorp and to recover pre-Chapter 11 and post-petition payments to Citicorp. The Bankruptcy Court shall retain jurisdiction to hear and determine that dispute. Such action shall be filed within six months following the Effective Date.

(2) Following the Effective Date, Citicorp shall continue to receive all payments on accounts assigned to it and shall account to the Reorganized Debtor monthly on the payments which it receives.

(3) If no action is commenced within the six months, or if a final order is entered against the Reorganized Debtor in any action to invalidate Citicorp's lien, the Reorganized Debtor shall assign to Citicorp its right, title and interest in contracts held by Citicorp and the related Timeshare, in full satisfaction of its Claim.

(4) If Citicorp's lien is invalidated, upon compliance with 11 U.S.C. § 502(d), the Class 4.14 Claim shall be treated as a Class 9 unsecured Claim.

Citicorp voted to reject the plan. After three days of hearings, the Bankruptcy Court confirmed the plan. Citicorp then appealed.

Citicorp argues that the plan did not satisfy the legal standards for a "cram down" of Citicorp's claim. Citicorp asserts that before the plan was confirmed, Citicorp had interests in contracts and timeshares unburdened by a potential lawsuit, and that after confirmation, its interests were subject to cloud of potential litigation. Citicorp argued that as a matter of law it did not receive the indubitable equivalent of its claims under the plan. 11 U.S.C. § 1129(b)(2)(A)(iii).

■ What Citicorp overlooked is that the threat of litigation arose by operation of law—not because of the plan. Citicorp went into the Chapter 11 proceedings either as an owner, as a lien holder with a valid lien, or as a lien holder with an invalid lien. If, in the pending strong-arm action, Citicorp is determined to be an owner, the plan will not affect Citicorp. If Citicorp is determined not to be an owner, then Citicorp holds the same lien after the plan was confirmed that it held when the petition was filed. Once the petition was filed, Citicorp's lien was subject to a potential lawsuit to determine the lien's validity. The plan had absolutely no effect on whether or not the lien is valid.[2]

■ Accordingly, the plan left Citicorp with exactly what it had after the petition was filed. It left "unaltered the legal, equitable, and contractual rights" that Citicorp had before the plan was confirmed. 11 U.S.C. § 1124(1). Therefore, Citicorp was not impaired under the plan, section 1129(a)(8)(B) was satisfied, and "cram down" under section 1129(b) was not necessary.

*B. The Bankruptcy Court followed Rule 3019.* Citicorp next argued that the plan was modified so extensively before confirmation that the disclosure statement was too inadequate to support confirmation. Before reaching the merits of Citicorp's contention, it is necessary to determine whether Citicorp has standing on appeal to challenge this part of the Plan.

---

**2.** A plan of reorganization may postpone the determination of a lien's validity until after confirmation. Section 1123(b)(3)(B) provides that, subject to the other provisions of section 1123, "a plan may ... provide for ... the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any claim or interest." This language is broad enough to include the determination of a disputed lien. Bankruptcy Rule 3020(d), which provides that "Notwithstanding the entry of the order of confirmation, the court may enter all orders necessary to administer the estate," implements the statutory authority of the Bankruptcy Court to resolve disputes regarding the validity of liens after the plan is confirmed.

Section 39c of the Bankruptcy Act of 1898 provided that only an "aggrieved person" had standing to appeal. 11 U.S.C. § 67(c) (1976) (repealed 1978). Although the Bankruptcy Act of 1978 did not include a provision similar to section 39c, the courts and commentators have uniformly applied the "aggrieved person" test to appeals under the 1978 Code. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442–43 (9th Cir.1983); *In re Goodwins Discount Furniture, Inc.*, 16 B.R. 885, 888 (1st Cir.1982); 1 Collier on Bankruptcy ¶ 3.03[6][b] (15th ed. 1984). *See also Palm Springs Owners Association v. Sweetwater (In re Sweetwater)*, 57 B.R. 743 (D.Utah 1985).

■ To be an aggrieved person, an appellant must be "directly and adversely affected pecuniarily by an order of the bankruptcy court." *Fondiller* at 442. The order appealed from is the order confirming the Plan of Reorganization. This Court has interpreted the "aggrieved person" test to mean that an appellant who is appealing from a Bankruptcy Court order confirming a plan of reorganization may challenge only those parts of the plan that directly, adversely, and pecuniarily affect the appellant. *Palm Springs*, at 746.

■ Even if the Plan was modified so extensively that the Disclosure Statement was too inadequate to support confirmation, Citicorp was not "aggrieved" by the Bankruptcy Court's ruling to the contrary. Citicorp did not vote to accept the Plan. Citicorp rejected the Plan as proposed and has rejected it as modified. Additional disclosure would not have affected Citicorp's vote. Citicorp was not directly affected by the Bankruptcy Court's ruling that the requirements of Rule 3019 had been satisfied and has no standing to appeal from that ruling.

Even assuming Citicorp has standing to appeal, Citicorp's claim has no merit. In essence, Citicorp asserts that the Bankruptcy Court did not comply with Bankruptcy Rule 3019. The Rule provides as follows:

After a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after a hearing on notice to the trustee, any committee appointed under the Code and any other person designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

■ Under the Rule, notice must be given to any committee appointed under the code.[3] In this case, the committees were represented by counsel during the hearings when the modifications were proposed and accepted. The notice they received during the hearings was "appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Additional notice was not necessary.

■ The Rule also requires the court to hold a hearing to determine whether the proposed modifications would adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted the modification in writing. In this case, the confirmation hearings doubled as hearings to satisfy the requirements imposed by Rule 3019. All interested parties were aware of the confirmation hearings and had ample opportunity to object and to present evidence or testimony. That is sufficient "opportunity for a hearing as is appropriate in the particular circumstances" to satisfy the requirements of section 102(1)(A).

At the conclusion of the hearings, the Bankruptcy Judge ruled that the modifications would not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted the modification in writ-

---

3. The Rule also requires that notice be given to the trustee and to any other person designated by the court. However, in this case there was no trustee appointed, and the record does not indicate whether the court required notice to be given to any other person.

ing. Because that ruling is a finding of fact, this court cannot set it aside unless it is clearly erroneous. *See* Bankruptcy Rule 8013. No party that voted to accept the plan before modification has objected to any modification, either during the hearings or after confirmation. *See* Transcript of Proceedings, Hearing on Order Confirming Plan, June 8, 1984, at pp. 15–24. The court does not believe that the Bankruptcy Court's finding was clearly erroneous

■ *C. Citicorp cannot object to substantive consolidation on appeal because it failed to raise the objection in the Bankruptcy Court.* Citicorp's final argument concerning the Bankruptcy Court's order confirming the plan of reorganization is that the Bankruptcy Court erred in allowing substantive consolidation of the eight debtors. This argument was not timely raised in the Bankruptcy Court; therefore, this court will not consider it. Citicorp failed to object to substantive consolidation either prior to the date fixed for filing written objections or during the confirmation hearings. A creditor is bound by dates set by the court pursuant to Bankruptcy Rule 3020, which provides for fixing a deadline for filing objections to confirmation. *See Heins v. RUTI–Sweetwater (In re Sweetwater),* 57 B.R. 748 (D.Utah 1985).

II. Bankruptcy Court's Order Allowing Disbursement of Funds to Officers of the Debtor.

On June 8, 1984, just minutes before the Bankruptcy Court signed the order confirming Sweetwaters' plan of reorganization, Sweetwater presented the Bankruptcy Court with an order allowing distribution

of $184,000 of administrative claims. Included in that distribution was a $30,000 payment of post-petition wages to Ralph Wienshienk, Robert A. Whitman, and Jeffrey Swinton, officers of Sweetwater. That $30,000 was intended to pay in full all remaining unpaid post-petition wages to the three officers.

Citicorp promptly objected to the proposed order. Citicorp asserted that the proposed order conflicted with Sweetwater's disclosure statement filed pursuant to section 1125. Page 38 of the disclosure statement provided that Ralph Wienshienk, Robert A Whitman, and Jeffrey Swinton "will waive unpaid wages which have accrued post-petition up to the date of confirmation." The Bankruptcy Court heard arguments from interested parties and took testimony from Whitman. Whitman testified that of the $30,000 in issue, $11,250 would go to Whitman, $11,250 to Wienshienk, and $7,500 to Swinton. The Bankruptcy Court overruled Citicorp's objection and entered the order allowing disbursement of the $184,000, including the $30,000 to the three officers. Citicorp now appeals that order.

■ The bankruptcy courts are courts of equity. The parties who seek relief from them must deal in good faith. Sweetwater represented in its disclosure statement that Whitman, Wienshienk, and Swinton would waive something. The creditors voting on whether to accept the plan were entitled to rely on that representation.[4] Sweetwater cannot later be heard to claim that the disclosure statement meant that the officers would waive post-petition wages only if those wages were not brought current just minutes before the

---

**4.** Although Citicorp does not claim that it relied on the representation, Citicorp nevertheless has nominal standing to raise this issue on appeal. If Citicorp is determined to be an unsecured creditor, it would receive shares of preferred stock in Sweetwater. As a shareholder in the corporation, Citicorp would benefit from the $30,000 if that money is in the hands of Sweetwater rather than in the hands of the three officers.

In addition, if Sweetwater liquidates, Citicorp may be entitled to a portion of that $30,000. That interest makes the Bankruptcy Court's order allowing disbursement of the $30,000 sufficiently adverse and sufficiently direct to give Citicorp standing to appeal. *See Girsh v. Katchen,* 382 F.2d 560 (10th Cir.1967); *cf., Behringer v. Lyband & Morgan,* 270 F.2d 670, 673 (10th Cir.1959).

plan was confirmed.[5] The Bankruptcy Court erred in ruling to the contrary.

### III. Conclusion.

The Bankruptcy Court's order confirming Sweetwater's plan of reorganization is AFFIRMED. The Bankruptcy Court's order allowing disbursement of $184,000 in administrative expenses is REVERSED to the extent that the order allowed the disbursement of $30,000 of post-petition wages to Whitman, Wienshienk, and Swinton. The case is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

See also 48 BR 401.

---

**5.** Although it is true that section 363 allows a debtor in possession to make payments from cash collateral in the ordinary course of business, and section 503(b)(1)(A) allows wages to be paid as administrative expenses, both sec-

tions also contemplate that those payments will be made in good faith. The debtors cannot use those sections to avoid accountability for representations made in a disclosure statement.