In re SWEETWATER, a Utah
corporation, et al., Debtors
and Debtors in Possession.

Allan HEINS, Janet Heins and
Hildegard Heins, Appellants,

v.

RUTI–SWEETWATER, et al, Appellee.

No. C–84–528J.

United States District Court,
D. Utah, C.D.

Feb. 28, 1985.

See also, 40 B.R. 733.

Charles C. Brown, Salt Lake City, Utah, for appellant, Palm Springs Owners Ass'n.

Ralph R. Mabey and Steven J. McCardell (Robert Nelson, on brief), Salt Lake, Utah, for Sweetwater, the reorganized debtor and appellee, RUTI-Sweetwater.

Richard F. Bojanowski, Salt Lake City, Utah, for appellant creditors, Allan Heins, Janet Heins and Hildegard Heins.

## MEMORANDUM OPINION

JENKINS, Chief Judge.

This is an appeal from the June 8, 1984, Bankruptcy Court order confirming Sweetwater's Chapter 11 Plan of Reorganization. It raises a single issue: whether a non-voting, non-objecting creditor who is the only member of a class is deemed to have accepted the plan for purposes of 11 U.S.C. § 1129.[1]

On November 2, 1984, this court heard oral arguments on the appeal. Richard F. Bojanowski appeared for the appellant creditors, Allan Heins, Janet Heins, and Hildegard Heins. Ralph R. Mabey and Steven J. McCardell (Robert Nelson with them

---

1. All statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

on the brief) appeared for the appellee, RUTI–Sweetwater, which is the reorganized debtors. At that time, the court took the matter under advisement. After considering the arguments advanced by the parties, the court now enters this memorandum opinion.

The debtors in these Chapter 11 cases, Sweetwater and seven related entities (referred to here collectively with RUTI–Sweetwater as "Sweetwater"), operate timeshare vacation condominiums. In late 1983 and early 1984, the eight debtors filed petitions for relief under Chapter 11. The cases were then consolidated for purposes of administration. At that time, Sweetwater faced secured and unsecured claims of millions of dollars, in addition to the obligations it owed to thousands of timeshare owners. The 120 page Plan of Reorganization included 83 separate classes of secured creditors and 40 classes of timeshare owners. Necessarily, the Plan of Reorganization was complicated.

The Heins are judgment lien creditors in the amount of $30,000, plus $8,000 in interest. They secured their lien by filing a transcript of the judgment prior to 90 days before the petition dates.

Sweetwater's proposed Plan of Reorganization provided that the Heins' lien would be transferred to unsold timeshare intervals. The Heins would then realize a small portion of their claim when each interval was sold. The Plan also provided that the Heins would receive the entire value of their claim, plus interest, within the first 48 months following confirmation of the Plan.

According to Bankruptcy Rules 3017(c) and 3020(b)(1), the Bankruptcy Court fixed May 28, 1984, as the final date for filing written objections to confirmation, and May 30, 1984, as the final date for voting on the Plan. The Heins did not file written objections and did not vote on the Plan. The Bankruptcy Court held a confirmation hearing on June 1, 2, and 5, 1984. The Heins did not appear at the hearing, either in person or through counsel.

During the confirmation hearing, the Bankruptcy Court ruled in open court and on the record that non-voting creditors are deemed to have accepted the Plan for purposes of section 1129. That ruling was incorporated into the Plan of Reorganization. The Heins, as non-voting secured creditors, now appeal that ruling.

Whether a secured creditor accepts a plan of reorganization is important in determining whether the plan must comply with the so-called "cram down" provisions of section 1129(b). If a class of creditors does not accept the plan, and if that class is impaired under the plan,[2] the bankruptcy court may confirm the plan only if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the plan." 11 U.S.C. § 1129(b). However, if a class of creditors accepts the plan under section 1129(a)(8), the bankruptcy court may confirm the plan without a showing that the plan satisfies the "unfair discrimination" and "fair and equitable" standards of section 1129(b).

Section 1126(c) of the Bankruptcy Code provides that

A class of claims has accepted a plan if such plan has been accepted by creditors ... that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors ... that have accepted or rejected the plan.

The Plan in this case treats the Heins as a separate subclass, entitled to vote as if they were a separate class. Because the Heins, the only members of their subclass did not vote, they did not accept the plan pursuant to the literal terms of section 1129(c). Therefore, for the purposes of section 1129(a)(8), the Heins have accepted the plan only if they are deemed to have accepted it by their failure to vote.

The plain language of section 1126(a) does not require a holder of a claim to vote. It provides only that a creditor *may* reject or accept the plan. However, the Code

---

**2.** It is undisputed that the Heins are impaired under the Plan.

does not indicate whether a failure to vote is deemed to be an acceptance. It is undisputed that under the former Bankruptcy Act a failure to vote was considered a rejection of the plan. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 410 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6366. Congress changed this provision of the law somewhat when it adopted the Bankruptcy Act of 1978. The legislative history of section 1126 indicates that

> A class of creditors has accepted a plan if at least two-thirds in amount and more than one-half in number of the allowed claims of the class that are voted are cast in favor of the plan. The two-thirds and one-half requirements are based on a denominator that equals the amount or number of claims that have actually been voted for or against the plan, rather than the total number and amount of claims in the class, as under current chapter X.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 410 (1977), U.S.Code Cong. & Admin.News p. 5787.

█ Accordingly, if any creditor in a class votes, any other creditors in that class who fail to vote are entirely disregarded for the purpose of determining whether the class has accepted or rejected the plan. The presumption under the prior law that non-voting creditors rejected the plan has been removed. Non-voting creditors are deemed neither to have accepted the plan nor rejected it; they are simply bound by the result produced by those who vote. The necessity of deeming a failure to vote as either an acceptance or a rejection of a plan arises only when no members of a class cast a vote.

The Bankruptcy Code, taken as a whole, supports Sweetwater's position that a failure to vote should be deemed to be an acceptance of the plan. Congress, when it eliminated the presumption of rejection, apparently overlooked the possibility that all the members of a class might fail to vote. This court finds it difficult to believe that Congress intended on the one hand to deny

a non-voting creditor the benefits of section 1129(b) whenever other, more concerned, members of the class voted to accept a plan; but, on the other hand, to reward a non-voting creditor's apathy or carelessness with those benefits whenever the other members of the class also fail to vote.[3]

The Code contemplates that concerned creditors will take an active role in protecting their claims. Otherwise, Bankruptcy Rule 3017, which provides for fixing a deadline for filing rejections of a plan, and Bankruptcy Rule 3020(b), which provides for fixing a deadline for filing objections to confirmation, would have no substance. *See In re Record Club of America*, 38 B.R. 691, 696 (M.D.Penn.1983). Moreover, if non-voting, non-objecting creditors are not deemed to have accepted the plan, the debtor would be placed in the unique position of anticipating these creditors' objections to the plan and presenting evidence and arguments to refute those hypothetical objections in the confirmation hearing. *Cf., id.* ("bankruptcy court cannot be expected to conjure up objections to the acceptances"). In this case, that problem would have been particularly acute. Twenty separate classes of secured claims failed to vote. The court agrees with Sweetwater's position that "Days of testimony could have been presented in order to meet imaginary objections." Appellee Brief at 24. The bankruptcy courts are too overburdened to deal with hypothetical objections that apathetic or careless creditors do not advance themselves.

█ Accordingly, the court concludes as a matter of law that a non-voting, non-objecting creditor who is a member of a class that casts no votes is deemed to have accepted the plan of reorganization for the purposes of section 1129(a)(8) and 1129(b). Because the Heins, the only members of the class, did not vote, they are deemed to have accepted the plan. It was not necessary for the part of the plan that affected the Heins to meet the standards imposed by section 1129(b).

---

**3.** The court expresses no opinion on whether a non-voting creditor whose class votes against a

plan will be able to ride the coat tails of the class and have the benefits of section 1129(b).

The order of the Bankruptcy Court confirming Sweetwater's Plan of Reorganization is therefore AFFIRMED.