## In re HIGGINS SLACKS COMPANY.

### Bankruptcy No. 91–40270.

United States Bankruptcy Court,
N.D. Alabama.

March 10, 1995.

Robert L. Shields, III of Sadler, Sullivan, Herring & Sharp, P.C., Birmingham, AL, for debtor.

Harvey Wachsman of Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for Unsecured Creditors' Committee.

### MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

### FACTS

On February 21, 1995, this case under chapter 11 of the Bankruptcy Code came before this Court for confirmation of the debtor in possession's ("DIP") plan of reorganization. Appearing before the Court were Robert Shields, attorney for the DIP, David Evans, attorney for BancBoston, Harvey Wachsman, attorney for the unsecured creditors committee, Olin Brooks for the bankruptcy administrator, and Jules Stine as

chief executive officer of the debtor in possession. An objection to the plan was filed and subsequently withdrawn. Pre-petition, the DIP was engaged in the production and sale of men's pants and shorts. The DIP was the largest employer in a small community. During the pendency of the case, the DIP conducted a liquidation which the plan proposes to complete. The DIP, creditors, and the local community cooperated to sell the principal assets to a new company formed to continue the business and preserve the employees' jobs. Despite this coordinated effort, there remained approximately $5.5 million in general unsecured claims.

Prior to the confirmation hearing, the debtor filed with the Court a summary and report of balloting. The summary of ballots submitted by the DIP's attorney indicated that all impaired classes which voted had accepted the plan. Class 8, representing the existing shareholders of the DIP, was deemed not to have accepted the plan pursuant to 11 U.S.C. § 1126(g). The ballot summary also indicated that classes 1, 4, 5, and 7 which are impaired under the plan, failed to return any ballots either accepting or rejecting the plan.[1] Class 1, holders of administrative claims and expenses, was to receive on the confirmation date, or as soon as practicable thereafter, cash in the amount of their claims or, if a professional employed at the expense of the estate, cash in the amount awarded by order of the Bankruptcy Court. Under the plan, payments payable to Class 1 claimants had been limited and these claimants waived part of their claims. Class 4, the allowed unsecured claims against the debtor for contributions to an employee benefit plan entitled to priority pursuant to 11 U.S.C. § 507(a)(4), was to receive a pro rata distribution from the Liquidation Fund expected to be approximately $45,000.00. The $45,-000.00 was a reduction of the amount claimed by members of this class. Class 5, consisting

of priority tax claims, had been limited to $10,000.00.

At the hearing, the DIP presented testimony establishing that the plan as filed complied with all of the requirements of 11 U.S.C. § 1129(a)(1)–(7) and § 1129(a)(10)–(12). On the ballot summary and at the confirmation hearing, the DIP sought to treat the classes that failed to vote either for or against the plan as having been deemed to accept the plan. The DIP's contention was that a class had to actually cast a negative ballot in order to count as not accepting the plan. Thus, the requirement of 11 U.S.C. § 1129(a)(8)[2] would be met for classes 1,4, and 5. If the DIP were correct, only classes 7 and 8 would be deemed not to have accepted the plan (pursuant to 11 U.S.C. § 1126(g)) and the plan could be confirmed pursuant to § 1129(b) (commonly referred to as a "cramdown").

### DISCUSSION

The issue to be addressed is how to treat classes that neither vote to accept or reject a chapter 11 plan. There are two lines of cases on this issue. The line of cases, represented by *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988), holds that when a class fails to vote either to accept or reject a plan, the class is deemed to accept the plan. The other line of cases, represented by *In re Townco Realty, Inc.*, 81 B.R. 707 (Bkrtcy. S.D.Fla.1987), holds that when a class of creditors fails to vote either to accept or reject a plan, the class is not deemed to accept. The Eleventh Circuit Court of Appeals has not addressed this issue. Upon review of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Court follows the line of cases represented by *In re Townco Realty, Inc.* as better reasoned.

---

1. The ballot summary treated Class 7, representing the allowed unsecured claims of affiliates and equity interests, as having deemed to accept the plan, however, the summary should have listed Class 7 as having deemed not to accept the plan as this class did not retain or receive any property, 11 U.S.C. § 1126(g).

2. Section 1129(a)(8) provides:

   > (8) With respect to each class of claims or interests—
   >    (A) such class has accepted the plan; or
   >    (B) such class is not impaired under the plan.

*IN RE RUTI–SWEETWATER, INC.*

The Court in *Ruti–Sweetwater* was dealing with a complicated reorganization of eight related entities which were engaged in the business of vacation timesharing. At the time the debtors filed their petitions, they were facing demands by both secured and unsecured creditors in the millions of dollars as well as the obligations owed to the timeshare owners. The debtors filed a complicated 120 page plan with 83 separate classes of secured claims and 40 classes of timeshare owners. The Bankruptcy Court established the dates by which written objections to the plan were to be filed and votes cast.[3] The Bankruptcy Court held a confirmation hearing on the debtors' plan after the bar dates for filing objections and voting.[4] At the confirmation hearing, the Bankruptcy Court ruled that non-voting creditors were deemed to have accepted the plan for purposes of 11 U.S.C. § 1129(b)(1).[5] The Bankruptcy Court confirmed the debtors' plan based upon this assumption.

The Heins were secured creditors who held a judgment lien in the amount of $30,-000.00 plus $8,000.00 in interest. The judgment lien had attached to a parcel of real estate known as the Ferrell Spencer property. As part of the plan of reorganization, the Ferrell Spencer property was to be sold and the Heins' lien would be transferred to unsold timeshare units.[6] The plan of reorganization classified the Heins as a separate subclass entitled to vote as a separate class. The Heins had not voted or objected prior to confirmation.

After confirmation of the debtors' plan, the Bankruptcy Court held a hearing concerning the proceeds of the sale of the Ferrell Spencer property; it was at this hearing that the Heins first challenged the plan. At the hearing, the Bankruptcy Judge held that the debtors plan treated the Heins' claim properly and that they were governed by the plan. *Id.* at 1265. The Heins appealed the order of the Bankruptcy Court confirming the debtors' plan. The District Court specifically addressed the issue of whether a failure to vote by an entire class of creditors should be deemed an acceptance. The District Court held "as a matter of law that a non-voting, non-objecting creditor who is a member of a class that casts no votes is deemed to have accepted the plan of reorganization for the purposes of section 1129(a)(8) and 1129(b)." *In re Sweetwater*, 57 B.R. 748, 750 (D.Utah 1985). The Heins appealed this decision.

Relying heavily on the District Court's analysis, the Tenth Circuit Court of Appeals affirmed the District Court's decision. The Court reasoned that to rule otherwise "would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of a plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time." *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266. The Tenth Circuit placed an affirmative obligation on creditors "to take an active role in protecting their claims. Otherwise, Bankruptcy Rule 3017, which provides for fixing a deadline for filing rejections of a plan, and Bankruptcy Rule 3020(b), which provides for fixing a deadline for filing objections to confirmation, would have no substance. Moreover, if non-voting, non-objecting creditors are not deemed to have accepted the plan, the debtor would be in the unique position of anticipating these creditors' objections to the plan and presenting evidence and arguments

---

**3.** The last day for filing an objection to the plan was fixed at May 28, 1984 and the final day to vote either to accept or reject the plan was set at May 30, 1984.

**4.** Confirmation hearings on the plan were held June 1, 2, and 5, 1984.

**5.** "It appears that those—there is no challenge to the level [legal] concept that those non-voted creditors will be deemed to have accepted [sic] for the purpose of cram-down provisions. That

will be the Court's ruling on all of the claims that you enumerated." *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1264 (10th Cir.1988) (quoting bankruptcy hearing transcript).

**6.** The Heins would realize a small portion of their claim each time a timeshare unit was sold; the plan also provided that the Heins would receive the entire amount of their claim with interest within 48 months of confirmation. *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1264 (10th Cir.1988).

to refute those hypothetical objections in the confirmation hearing." *Id.* at 1267.

The Tenth Circuit's ruling in *Ruti–Sweetwater* is clearly a case of the tail wagging the dog. The plan proposed in *Ruti–Sweetwater* was complicated and dealt with hundreds of claims and millions of dollars. The Court wanted the confirmation of this complicated chapter 11 plan to stand. This result oriented approach is evident throughout the opinion. Towards the end of the opinion, the Court stressed that the Heins were but one of 83 separate classes of secured creditors and that there were 20 other classes of secured creditors that failed to vote. Stressing the numbers involved implies that the Court was more concerned with confirming this plan than with an accurate reading of the Code.

## IN RE TOWNCO REALTY, INC.

The debtor in *In re Townco Realty, Inc.*, 81 B.R. 707 (Bkrtcy.S.D.Fla.1987) was a corporation whose only asset was a shopping center located in Manchester, Georgia, and its only activity the management of that property. There were six creditors, one of which was secured by a mortgage on the property. The debtor owed the mortgagee approximately 2.2 million dollars, which represented 99.9% of its total debt. At the confirmation hearing, the mortgagee orally accepted the debtor's plan. All five of the unsecured creditors failed to vote either for or against the plan. The debtor proposed to have its plan confirmed based upon the assumption that the failure to vote by class 4, the unsecured creditors, constitutes acceptance of the plan.

Chief Judge Britton ruled against the debtor, holding that failure to vote is not acceptance of a plan. *Id.* at 708. Judge Britton arrived at this conclusion by a careful analysis of the Code and the rules. First, Judge Britton looked to Bankruptcy Rule 3018(c) which provides:

> An acceptance or rejection **shall be in writing,** identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form. (emphasis added).

Judge Britton contrasted the specific procedure for acceptance of a plan with 11 U.S.C. § 1111(a) which provides that claims are "deemed filed" if scheduled by the debtor, noting that there is no provision deeming the failure to vote as an acceptance. Judge Britton then addressed the provisions of 11 U.S.C. § 1126, "Acceptance of plan." Section 1126(c) provides:

> A class of claims has accepted a plan if such plan **has been accepted** by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one half in number of the allowed claims of such class of creditors, other than any entity designated under subsection (e) of this section, that have accepted the plan. (emphasis added).

This section requires a plan to be actively accepted. If a creditor does not cast a ballot, the amount owed to that creditor, and the creditor as a member of the class, is not included in the computation of whether the class accepted the plan. The Senate Committee comment to this section makes this clear, "[t]he amount and number are computed on the basis of claims actually voted for or against the plan, not as under chapter X [formerly section 501 et seq. of this title] on the basis of the allowed claims in the class." S.Rep. No. 95–989, 95th Cong., 2d Sess. 123 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5909. Relying upon the Code, the Federal Rules of Bankruptcy, and legislative history, Judge Britton determined that if all members of a class fail to vote that class cannot be deemed to have accepted or rejected the plan.

## CONCLUSION

This legal analysis found in *In re Townco* is far more persuasive than that found in *Ruti–Sweetwater* and its progeny. The Court's analysis in *Townco* is Code based, while the analysis found in *Ruti–Sweetwater* is result oriented. Commentators agree; "[a]n unfortunate decision was rendered by the Court of Appeals for the Tenth Circuit which can have the effect, if followed, of setting the law on its ear." 5 COLLIER ON BANKRUPTCY ¶ 1129.02 n. 67 (Lawrence P. King ed., 15th ed. 1994). This commentator

responded to the Tenth Circuit's concern about stonewalling a debtor and preventing reorganization by pointing out two simple facts: "1) there is no inherent right to reorganization and the code should not be manipulated to obtain it; and 2) the Code itself provides for the contingency of a rejection by permitting confirmation anyway if the plan is nondiscriminatory and is fair and equitable." *Id.* This Court agrees with Colliers and the Court in *Townco* and adopts their analysis of the law.

Section 1129(a) provides the elements a plan proponent is required to establish in order to have a plan confirmed. One element is subsection 8 which requires each impaired class to accept the plan. Section 1126 and Fed.R.Bank.P. 3018 provide the definition and requirements for acceptance of a plan of reorganization. If a plan proponent fails to prove compliance with § 1126 and Fed.R.Bank.P. 3018, he fails to meet the burden of proof required by § 1129(a). Section 1129(b) provides a remedy when all of the elements of § 1129(a) are met except for § 1129(a)(8). Congress established these precise requirements and they cannot be ignored by a court. A court becomes a legislative body and implements policy when it ignores the Code and the implementing rules of procedure.

Accordingly, those impaired classes which failed to vote in the instant case, classes 1,4, and 5 are not deemed to have accepted the plan. Faced with this ruling, the DIP did an about face and presented testimony that classes 1, 4, and 5, were unimpaired. The DIP then considered § 1129(b) as to classes 1, 4, 5, 7, and 8 and presented evidence that the plan does not discriminate unfairly, and is fair and equitable, with respect to claims or interests that are impaired under the plan which have not accepted the plan.

Based on the uncontroverted evidence, which is consistent with the disclosure statement and plan, a separate order will be entered confirming the debtor's Plan of Reorganization in accordance herewith.