**In re DOW CORNING CORPORATION, Debtor.**

**Bankruptcy No. 95–20512.**

United States Bankruptcy Court,
E.D. Michigan,
Northern Division.

July 29, 1999.

---

Barbara J. Houser, Sheinfeld, Maley & Kay, P.C., Dallas, TX, for debtor.

Stephen H. Weiner, Law Offices of Sybil Shainwald, P.C., New York City, for foreign claimants.

Harold V. Sullivan, Law Office of Harold V. Sullivan, for certain claimants from Cambodia, Vietnam and Mexico.

Kenneth H. Eckstein, Kramer Levin Naftalis & Frankel LLP, Tallahasee, FL, for the Official Committee of Tort Claimants.

Yeon–Ho Kim, Yeon–Ho Kim International Law Office, Seoul, Korea, for Korean claimants.

Francisco Rivera Duarte, for certain Mexican claimants.

David J. Hutchinson, Ann Arbor, MI, for certain Brazilian claimants.

### *OPINION ON MOTION OF CERTAIN FOREIGN CLAIMANTS TO CHANGE THEIR REJECTING BALLOTS TO ACCEPTANCES*

ARTHUR J. SPECTOR, Chief Judge.

The Debtor and the Official Committee of Tort Claimants (the "Proponents") jointly filed a plan of reorganization on November 9, 1998. The plan generally provides that personal injury claimants will be paid only after being allowed through trial or settlement. In regard to settlement, the plan provides a number of options to domestic breast implant claimants that are largely dependent upon the seriousness of the claimant's disability. With regard to foreign claimants, the settlement offers are somewhat different. Aside from the special subclasses for Canadians and Australians, which are not pertinent to this matter, the claims of foreign breast implant claimants are classified into two separate classes: Class 6.1 and Class 6.2.[1] Those holding claims within Class 6.1 may accept a settlement similar to the settlement offers made to domestic breast implant claimants except that the maximum amount of recovery under each option is only 60% of the amount offered to a domestic claimant. The claims within Class 6.2 may accept a settlement similar to the settlement offers made to domestic claimants except that the maximum amount of recovery under each option is only 35% of the amount offered to a domestic claimant.

Domestic breast implant claimants voted overwhelmingly to accept the plan. Foreign claimants within Class 6.1 also voted to accept the plan. A majority of the claimants within Class 6.2 voted to accept the plan but it was a bit short of the 66 2/3% by amount required by 11 U.S.C. § 1126(d) to constitute that class as "accepting." Among those rejecting in Class 6.2 were claimants represented by attorneys Harold V. Sullivan and Francisco Rivera Duarte. Mr. Sullivan represents claimants from Vietnam, Cambodia, Thailand and Mexico; Mr. Duarte represents claimants from Mexico.

At the close of the proofs in the confirmation hearing, the Proponents filed a modification of the plan. For present purposes, the only relevant modification relates to treatment within Class 6.2. The modifications were concededly negotiated over a period of time between the Proponents and Messrs. Duarte and Sullivan.

Several days prior to the filing of the modification, Messrs. Duarte and Sullivan filed a motion, pursuant to F.R.Bankr.P. 3018(a), to change the rejecting votes of their clients to acceptances. Allowing the claimants represented by Messrs. Duarte and Sullivan to change their ballots from rejection to acceptance would mean that Class 6.2 converts from a rejecting class to an accepting class. The other rejecting claimants within Class 6.2 would then lose the opportunity to argue an important issue in their arsenal of objections, specifically that the plan should not be crammed down on Class 6.2 because the Proponents are unable to show that "the plan does not discriminate unfairly, and is fair and equitable" as to them. 11 U.S.C. § 1129(b)(1). Not surprisingly, attorneys for other claimants within Class 6.2 who also rejected the plan objected to the motion.

■ A plan may be modified prior to confirmation. 11 U.S.C. § 1127. Once modified, "the plan as modified becomes the plan." *Id.* The movants maintain that their current rejecting ballots are cast as

---

1. For the purpose of this opinion, a description of the differences between claims falling within the two classes is not important.

to the now modified plan.[2] However, since they like the modified plan, they wish to change their rejecting ballots to accepting ballots. Therefore, they filed a motion pursuant to Rule 3018(a) to permit them to do so. This Rule, in part, provides that "[f]or cause shown, the court after notice and a hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection." F.R.Bank.P. 3018(a). As stated by one commentator, the "test for showing whether cause has been shown should often not be a difficult one to meet. As long as the reason for the vote change is not tainted, the change of vote should usually be permitted. The court must only ensure that the change is not improperly motivated." 9 *Collier on Bankruptcy* ¶ 3018.01[4] (15th ed. rev.1999).

■ The objectors, however, argue that Rule 3018(a) is not the correct procedural mechanism because what is occurring here is a modification which requires reballoting of all claimants in Class 6.2. In support of this contention, the objectors cite § 1127(d), which provides that "[a]ny holder of a claim ... that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection." They maintain that because the plan was modified, they have a right to change their votes. These objectors are obviously motivated by a wish to maintain a rejecting class. But since they themselves already rejected, the right for them to re-vote would seem to be quite hollow. On the other hand, 1,718 Korean claimants represented by Mr. Yeon–Ho Kim also moved to change their vote from acceptance to rejection. That motion was denied on the record because of a failure to show cause. However, if, as the objectors argue, the class as a whole must be resolicited, then obviously Mr. Kim would have his 1,718 clients vote to reject the modified plan,

thereby retaining Class 6.2 as a rejecting class.

The Proponents argue that Rule 3019 supplies the key to this conundrum. Rule 3019 provides as follows:

> In a ... chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor ... who has not accepted in writing the modification, it shall be deemed accepted by all creditors ... who have previously accepted the plan.

F.R.Bankr.P. 3019. According to their view of the situation, the movants' request to change their ballots must be granted pursuant to Rule 3018. Furthermore, once Rule 3019 is implemented, no one who accepted the plan previously may now reject it, thereby precluding Mr. Kim's clients from changing their votes.

■ The objectors argue that Rule 3019 is inapplicable because the second clause of the Rule contains a condition which is not satisfied here. The Rule states that it applies "*after a plan has been accepted and before its confirmation*." (Emphasis added). It is fairly clear that the term "and before its confirmation" means that a modification governed by this Rule must be made before the order confirming the plan is entered, and no one asserts that it means anything else. However, the objectors claim that the term "after a plan has been accepted" means after a plan has been accepted by the class to which the modification is directed. And since Class 6.2 has not accepted the plan, the provisions of Rule 3019 should not apply in this situation.

The clause "after a plan has been accepted" is indeed clumsy, and the objec-

---

**2.** For the most part, the movants' legal argu- ments were made through the Proponents.

tors' attempt to read meaning into it is not without merit. Fortunately, however, *Collier* explains what the infelicitous wording is meant to cover. According to the treatise, "Rule 3019 specifies that the modification be filed after acceptance of the plan. This simply makes clear that a modification proposed in time to be voted on with the plan does not come within the rule; it does not mean that a modification which is needed may not be filed during the voting period." 9 *Collier on Bankruptcy* at ¶ 3019–01. No case has held that Rule 3019 is not available when the modification involves treatment of a class which has rejected.[3] Accordingly, we agree with *Collier* that the term "after acceptance" merely denotes the period during which acceptances and rejections are solicited. Therefore, Rule 3019 applies.

As a starting point, the Court agrees with the objectors that what is involved here is more a modification of the plan than it is a simple change of vote. But as to how the Rules and Code play out, we tend to agree with the movants and the Proponents.

 Irreconcilable conflicts between a federal rule of bankruptcy procedure and a provision of the Bankruptcy Code must be resolved in favor of the Code provision. *In re Roberts,* 68 B.R. 1004 (Bankr. E.D.Mich.1987). However, the Court is bound to interpret the Code and Rules harmoniously if it is possible to do so. *In re Staub,* 208 B.R. 602, 606 (Bankr.S.D.Ga. 1997); *cf., In re Waindel,* 65 F.3d 1307, 1309 (5th Cir.1995) (Rules and Code to be read "consistently"); *see also In re Ain,* 193 B.R. 41, 44 (D.Colo.1996); *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993). After careful perusal of the treatises and limited case law dealing with this topic, there is a way to harmonize the Code and the Rules to achieve a rational and practical procedure.

**3.** *In re Rhead,* 179 B.R. 169, 176 (Bankr. D.Ariz.1995) might be an exception, if one

Section 1127(d) states that parties who accepted the plan before modification may vote to reject the modified plan and that parties who voted to reject the original plan may vote to accept the modified plan "within the time fixed by the Court" for the parties to do so. Bankruptcy Rule 3019 explains when it is necessary to resolicit parties who have previously voted on the plan. It enforces the practical and logical assumption that anyone who voted to accept the previous plan will be deemed to have accepted the modified plan if the modified plan "does not adversely change the treatment of [that creditor's] claim." F.R.Bankr.P. 3019. *See In re American Solar King Corp.,* 90 B.R. 808 (Bankr. W.D.Tex.1988); *In re Boroff,* 189 B.R. 53, 57 (D.Vt.1995); *In re Trans World Airlines, Inc.,* 185 B.R. 302, 322 (Bankr. E.D.Mo.1995); *In re Frontier Airlines, Inc.,* 93 B.R. 1014, 1023 (Bankr.D.Colo. 1988). *See also* 4 *Norton Bankruptcy Law & Practice 2d* § 94:1 (1999) Supplement to Vol. 4, p. 167 ("[C]ourts do not require notice of a modification if the modification does not adversely change a claimant's treatment. To enforce a literal interpretation of the Code and require formalistic notice when the modifications are not substantial, would needlessly delay confirmation and heighten the risk of a plan's failure.") (footnotes omitted).

If the Rule were otherwise, or simply did not exist, it would require resolicitation of hundreds, or as in this case, thousands of individuals for no real reason. One could (and in this case objectors actually did) argue that it would not be a waste of time to resolicit all creditors, including those who accepted a less favorable plan because one or more of the accepting creditors might now find it strategic to change the ballot to a rejection in order to gain leverage for further modifications. This would create the free-rider problem that Rule 3019 seems intended to preclude.

could understand its point.

Free-ridership would create unhealthy incentives which could unduly delay consensus. Therefore, such an interpretation is to be avoided. "Subsection (a) of § 1127 is designed to implement the negotiation process which is the essence of the formulation of any plan of reorganization." 3 *Collier Bankruptcy Manual* ¶ 1127.03 (3d ed. rev.1999). It makes more sense, both logically and practically, to follow the accepted notion that "Bankruptcy Rule 3019 implements § 1127," 3 *Collier Bankruptcy Manual* at ¶ 1127.02, even though it appears that § 1127(d) might arguably provide an unfettered right for all creditors (both accepting and rejecting) to re-vote on the modification.

Therefore, Rule 3019 provides that those who previously accepted a less favorable plan are logically deemed to have accepted the more favorable modified plan. Here, after a protracted hearing held as part of the confirmation hearing,[4] the Court found that "the proposed modification does not adversely change the treatment of the claim of any creditor who has not accepted in writing the modification." Accordingly, claimants in this class who accepted the original plan are now deemed to have accepted the modified version.

■ The same is not true with regard to those who rejected the original plan. They are to be given an opportunity to consider the modification and decide whether they wish to accept it or continue the rejection. If a sufficient number of

creditors accept the modified plan, then presumably, the class will have changed from a rejecting class to an accepting class. So it is anticipated that under Rule 3019, only those who rejected the plan originally would be resolicited with regard to a modification that does nothing but enhance the treatment of creditors within that class.

■ Nonetheless, the Rule does not require that every rejecting creditor be resolicited. Only those creditors who have not "accepted in writing the modification" need be contacted to consider the modified plan. The claimants represented by Messrs. Duarte and Sullivan have already been contacted regarding the modification and have already accepted in writing the modification. As a result, they no longer need to be resolicited. Theoretically, all other rejecting claimants in Class 6.2 should be resolicited. But because the number of claimants represented by Messrs. Duarte and Sullivan is sufficient by themselves to tip the scales of Class 6.2 from rejecting to accepting, there is no practical reason to undertake this expensive proposition.

In sum, the Court agrees with the objectors that the substantive and procedural provisions regarding preconfirmation modification of a chapter 11 plan apply and that this is not a simple motion for a change of vote pursuant to Rule 3018. Applying the procedural rules related to pre-

4. With respect to the notice required by Rule 3019, the modification itself was based upon a term sheet which was disseminated to parties several days ago. The parties also had several days' notice of the hearing on this motion to change the ballot. In effect, the important substantive matters were in the hands of the parties several days ago. The matter was heard extensively in court today in the presence of all the official committees, the attorney for the United States trustee, the proponents, the movants, and various attorneys representing numerous claimants within and without Class 6.2. As noted by *Collier,* "there is no minimum time for notice, and it will often be the case that there will be a very short time between the filing of the modifica-

tion and the hearing on it. It has been held that committees present at a confirmation hearing at which modifications to a plan were proposed had, by virtue of that presence, sufficient notice of the modifications, and that the hearing on the modifications could be combined with the confirmation hearing." 9 *Collier on Bankruptcy* ¶ 3019.01. *See also In re Eagle–Picher Indus., Inc.,* 203 B.R. 256, 278 (S.D.Ohio 1996) ("Disclosure of the Plan Modifications at the Confirmation Hearing constituted adequate and appropriate notice of the Plan Modifications under the circumstances, and no further notice of the Plan Modifications is necessary."); *Citicorp Acceptance Co. v. RUTI–Sweetwater (In re Sweetwater),* 57 B.R. 354, 358 (D.Utah 1985).

confirmation modifications, however, does not change the result. Accordingly, the Court will enter an order dismissing as moot the motion by claimants represented by Messrs. Duarte and Sullivan to allow them to change their vote pursuant to F.R.Bankr.P. 3018(a) and will deem the motion to be an acceptance in writing of the plan modification filed by the Proponents on this date.

Since the modification does not adversely change the treatment of the claim of any creditors within Class 6.2, no further solicitation will be ordered and the Court will deem Class 6.2 to have accepted the plan.