In re Kara **GRAY**, Debtor.

Bankruptcy No. 92–51967.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington.

Aug. 16, 1994.

---

Ronald E. Butler, Hayden & Butler, Lexington, KY, for debtor.

Sidney N. White, Lexington, KY, Chapter 13 Trustee.

Charles H. Keen, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, and David Middleton, Asst. U.S. Atty., Lexington, KY, for I.R.S.

### MEMORANDUM OPINION

JOE LEE, Chief Judge.

This case was heard by the court on May 27, 1994, on the objection of the chapter 13 trustee to allowance of the claim of the Internal Revenue Service in the amount of $4,000 filed herein on December 23, 1993. The claim is for the estimated income tax liability of the debtor for the tax periods ending 12/31/90 and 12/31/91. The trustee objects to allowance of the claim on the ground it was filed after the last day for filing claims as fixed by Rule 3002(c), Federal Rules of Bankruptcy Procedure.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code in this court on October 29, 1992. The first date set for the meeting of creditors called pursuant to § 341(a) of the Bankruptcy Code was December 14, 1992. The meeting was held on that date. Thus, the last day for filing claims was 90 days after that date or March 15, 1993.

The debtor did not list the IRS as a creditor in Schedule E or F to the petition. The debtor's plan filed with the petition makes no provision for the payment of any claims entitled to priority under section 507 of the Code as mandated by 11 U.S.C. § 1322(a)(2). The IRS did not receive notice of the § 341 meeting, of the last day for filing claims, or of the hearing on confirmation of the plan.

The debtor's plan provides that she shall pay to the chapter 13 trustee the sum of $265 per month for 60 months or a total of $15,900 for the payment of the claims of creditors and administrative expenses. The principal creditor is Farmers Bank and Trust Company whose claim is allowed as a secured claim to the extent of $10,650.00, based on the value of a motor vehicle in which the bank holds a security interest, and as an unsecured claim in the amount of $4,350.00. The plan was confirmed by the court on February 10, 1993. The plan is a so-called pool plan, which means the amount to be paid on the unsecured portion of the claim of the bank will be determined after payment of interest on the secured portion of the claim and expenses of administration of the case. Two other scheduled creditors were listed as holding unsecured claims totaling $234.00. These creditors have not filed claims.

On December 23, 1993, after the plan had been in process for several months, the IRS filed two claims.

One claim is for $1,031 for income taxes for 1992, which became due on April

15, 1993. This claim for taxes which became payable while the case is pending is allowable under 11 U.S.C. § 1305. There is no question as to the allowability of this claim.

The other claim filed by the IRS is for $4,000 representing the debtor's estimated liability for income taxes for the years 1990 and 1991. At the hearing on the chapter 13 trustee's objection to allowance of this claim representations were made to the court that the debtor has filed tax returns for the years 1990 and 1991 and the amount of prepetition taxes owed by the debtor for those years is approximately $1,600.00.

Allowance of the tax claims of the IRS will greatly detract from the amount that might otherwise be paid on the allowed amount of the unsecured claim of Farmers Bank. The debtor has not sought to amend her chapter 13 plan as permitted by 11 U.S.C. § 1329.

The brief of the IRS states that it first received notice of the chapter 13 case on December 6, 1993 and filed its proofs of claim on December 23, 1993.

### CONCLUSIONS OF LAW

■ The IRS argues that Rule 3002(c), which fixes a cutoff date for filing claims, and Rule 3002(a), which provides that a claim must be filed in accordance with the rule to be allowed, are inconsistent and in conflict with § 502(b) of the Bankruptcy Code, 11 U.S.C. § 502(b).

The IRS contends there is no provision in § 502(b) for disallowance of a claim that is not timely filed. This court has declined to adopt that contention. *In re Crooker,* 159 B.R. 790 (Bankr.E.D.Ky.1993). *In re Caudill,* 91–51438, unreported ruling by Judge Lee, June 25, 1993. Section 502(b)(1) provides for disallowance of a claim that is unenforceable under "applicable law." The Federal Rules of Bankruptcy Procedure approved by Congress pursuant to title 28 U.S.C. §§ 2072, 2074 and 2075 constitute "applicable law." Matters listed by Congress to be dealt with by the Rules of Bankruptcy Procedure include the specification of the time with respect to filing a proof of claim and the procedure for objecting to the allowance of a proof of claim. House Report No. 95–595, 95th Cong. 1st Sess., pgs. 293–308.

In *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court held that the phrase "applicable nonbankruptcy law" includes federal as well as state law. The phrase "applicable law" is equally if not more inclusive and obviously includes the Federal Rules of Bankruptcy Procedure.

Rule 3002 provides that an unsecured creditor must file a proof of claim in accordance with the rule for the claim to be allowed. To be filed in accordance with the rule a claim must be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341 of the Code. There are exceptions, none of which apply.

■ The IRS is an unsecured creditor of the debtor. 11 U.S.C. §§ 101(5), 101(10), 101(12), 506. The fact that an unsecured claim of the IRS may enjoy priority in payment under 11 U.S.C. § 507(a)(7) does not alter the fact that the IRS is an unsecured creditor of the debtor.

Section 726 of the Code, 11 U.S.C. § 726, is applicable only in chapter 7 cases. 11 U.S.C. § 103(b). Section 726 provides due process to creditors entitled thereto by permitting allowance "as if timely filed" of tardily filed unsecured claims of omitted or improperly scheduled creditors. Such creditors are also protected by 11 U.S.C. § 523(a)(3) in chapter 7 cases involving individual debtors. Section 726 as implemented by Rule 3002(c)(6) permits subordinated distribution on tardily filed dischargeable unsecured claims to prevent return of surplus funds to the debtor.

■ In a chapter 13 case, omitted creditors, such as the IRS in this case, are protected by the fact their claims, not having been provided for by the plan, remain fully collectible after the case is concluded. 11 U.S.C. §§ 1327(c), 1328(a). Thus the due process concerns discussed in *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990) are not implicated. Omitted creditors are not denied any substantive or property rights. At most, their right to collect their claims is abated until the chapter 13 plan payments are completed.

Unlike Rule 3003(c), which applies in cases under chapters 9 and 11, Rule 3002(c) withholds from the court discretion to extend the time for filing claims in cases under chapters 7, 12 and 13. Rule 9006(b)(3).

The trustee's objection to allowance of the claim of the IRS for prepetition taxes for the years 1990 and 1991 is sustained. However, the discharge granted to the debtor upon completion of the plan will not release the debtor from the obligation to pay the taxes owed to the IRS for those years.