In re James Wesley MATTHEWS and Patricia June Plank Matthews, Debtors.

William HARRIS, Movant,

v.

James Wesley MATTHEWS and Patricia June Plank Matthews, Respondents.

Bankruptcy No. 86–00879–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

May 11, 1987.

T.J. Mullin, Clayton, Mo., for debtors.

Eileen Voss, Trustee.

Jeanne M. Fox, Bridgeton, Mo., for movant.

## FINDINGS AND CONCLUSIONS AND ORDER

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 11th day of May, 1987.

This matter is before the Court upon the motion of William Harris for relief from the automatic stay. The parties presented testimony and evidence at the trial on May 11, 1987. After consideration of the record as a whole, the Court announced its findings and conclusions and orders from the bench.

The Debtors filed their Chapter 13 Petition on April 16, 1986. Their Chapter 13 Plan filed on May 2, 1986 was confirmed by the Court on June 4, 1986. The Movant here was included among the creditors who had received prompt notice of the deadline for filing proofs of claim—September 2, 1986. As a result of a series of unfortunate circumstances, including the illness of Movant's counsel, a proof of claim was not filed by the Movant until September 3, 1986, one day after the last date set for filing claims. Other creditors holding claims similar to the Movant's claim had filed timely proofs of claim. Although the Standing Orders of this Court permit a debtor or the Trustee to file a proof of claim on behalf of any creditor up to thirty days after the claims bar deadline, the Debtors in this matter elected to object to the allowance of the Movant's late-filed claim. After a hearing on the objection, the Court on January 22, 1987, denied the claim filed by the Movant as having been filed out of time. The Movant then filed this motion for relief from the automatic stay.

In November, 1983, the Movant sold certain personal property to the Debtors to be

used in the operation of a retail liquor store. The Movant was granted a security interest in "all furniture, fixtures and equipment described in Exhibit A attached hereto." (See Movant's Trial Exhibit # 1). The Movant has alleged that at the commencement of this case, the balance owed to him was $19,760.02, which is claimed to be secured by all equipment, inventory, and proceeds.

Although counsel for both parties had energetically attempted to resolve the issues in this matter, no offer was acceptable to everyone. The most difficult issue apparently involved the value of the remaining property claimed as security by the Movant. A complicating factor appears to have been the absence in this District of a clear precedent for the questions presented here. At the conclusion of all the evidence, the Court announced the following findings and conclusions:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (b)(2)(G); and

That the Security Interest claimed by this Movant has attached to the items described in this proceeding as fixtures and equipment; and

That the record in this matter does not provide a sufficient legal or factual basis upon which the Court may determine what, if any, proceeds may be subject to the Movant's Security Interest; and that, therefore, there are no proceeds now in existence to which the Security Interest has attached; and

That the record does not support the contention that the Security Interest has legally or equitably attached to property acquired after the time of the parties' agreement; and that, therefore, the Security Interest does not extend to the Debtors' existing inventory; and

That in the circumstances presented in this Chapter 13 case, the value of the Debtors' property is not a liquidating value, but a value more associated with a going concern; and

That the more credible testimony in this proceeding has suggested that an estab-

lished dealer in the sale of used property such as is being considered here, would reasonably anticipate selling such property for the sum of $6,500.00; and

That in the circumstances presented here, the fair market value of the property which is subject to the Movant's lien claim, for purposes of this motion for relief from the automatic stay is $5,500.00, which includes a consideration of the costs of removal of the property, and a factor based upon the Movant's business being something other than a dealer in used property; and

That, therefore, the Debtors enjoy no equity in this property, and that said property is of no value to this estate; however,

That said property is necessary for an effective reorganization including successful completion of the Debtors' Chapter 13 Plan; and

That the interests of this Movant will be adequately protected by a combination of the Debtors' compliance with the terms of their confirmed Chapter 13 Plan, and by the Debtors' performance of the additional conditions set out below. Therefore,

IT IS ORDERED that this hearing be concluded; and that the Movant's request for relief from the stay is denied; and that the stay of collection activity directed to this Movant shall continue unless otherwise ordered by the Court so long as the Debtors:

1. Maintain adequate insurance protection upon the secured property; and

2. Comply with the terms of their confirmed Chapter 13 Plan; and

3. Pay to this Movant, through the Chapter 13 Plan, the sum of $5,500.00 plus interest at the rate of 9% per annum as adequate protection; such payments to be disbursed by the Trustee after all priority and secured claims which have been filed and allowed have been paid as provided for in the confirmed plan, but before distributions to general creditors; and

4. Pay to this Movant, through the Chapter 13 Plan, the sum of $14,260.02 as additional adequate protection; such

payments to be disbursed by the Trustee after all filed and allowed general unsecured claims have been paid as provided for in the confirmed plan, and only to the extent that Chapter 13 monies are still available, but that such payments shall not be greater than the percent distribution actually received by holders of unsecured claims who have filed proofs of claim which have been allowed.