| Seller | Partnership | Location | Transaction Date | State of Completion as of Date of Bankruptcy | Options/Liquidated Damages |
|---|---|---|---|---|---|
| MexTex | Reverie Assocs., Ltd. | Vernon, TX | 11/26/85 | Not completed; 11/1/86 (post-petition) established as grand opening date in construction documents | $200,000 |
| LSP & Co. | Rosepoint Assocs., Ltd. | Portales, NM | 11/22/85 | Not completed; 11/1/86 (post-petition) established as grand opening date in construction documents | $ 25,000 |

**In re Gary HAUSLADEN and Kristi Hausladen, Debtors.**

**In re Jeffrey TIEDENS and Amy Tiedens, Debtors.**

**In re Virgil M. FLYNN, Debtor.**

**In re Robert M. BEAUTO, Debtor.**

**In re Harold M. MICHAUD and Jacqueline M. Michaud, Debtors.**

**Bankruptcy Nos. 4–91–6571, 4–91–6398, 3–91–6802, 3–90–4460 and 3–91–1964.**

United States Bankruptcy Court, D. Minnesota.

Sept. 24, 1992.

Stephen J. Creasey, Minneapolis, Minn., for trustee.

Richard L. Kelso, Crystal, Minn., for debtors Jeffrey and Amy Tiedens.

Thomas E. Hoffman, Norwest Corp., Minneapolis, Minn., for Norwest Bank.

Linda Jeanne Jungers, Minneapolis, Minn., for Minneapolis Collection Bureau and Reliance Recoveries.

John P. Gustaphson, Roseville, Minn., for John's Hillcrest Pharmacy.

Before KRESSEL, Chief Judge, O'BRIEN, KISHEL, and DREHER, Bankruptcy Judges.

### ORDER ALLOWING CLAIMS

ROBERT J. KRESSEL, Chief Judge.

These Chapter 13 cases came on for hearing on objections by the trustee to several claims. Because the trustee's objections raise the identical issue[1] in each

---

**1.** While the dispositive issue is the same, three cases contain factual differences. In *Beauto* and *Flynn* the late filing creditors did not receive notice of the Chapter 13 case or the deadline for filing timely claims.

In *Tiedens,* the late filed claim was filed by the debtor. This late filing raises the issue of whether an extension could have been granted under Rule 9006 of the Federal Rules of Bankruptcy Procedure for excusable neglect. The debtors have not yet made such a motion.

Because we are allowing all claims, these issues are moot and need not be addressed.

case and because of the importance of the issue, the court is deciding the objections en banc. See Local Rule 109. This court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and Local Rule 201. These are core proceedings under 28 U.S.C. § 157(b)(2)(B).

## FACTS

The debtors all filed petitions under Chapter 13. Meetings of creditors were scheduled pursuant to 11 U.S.C. § 341 and Rule 2003 of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 3002 of the Federal Rules of Bankruptcy Procedure, timely filed claims were to be filed by creditors within 90 days after the meeting of creditors. Pursuant to Rule 3004 of the. Federal Rules of Bankruptcy Procedure, the debtors have an additional 30 days to file a proof of claim on behalf of a creditor who fails to do so. After the 90–day period had run, Norwest Bank Minnesota, N.A., Minneapolis Collection, Reliance Recoveries and John's Hillcrest Pharmacy filed proofs of claim. After both the 90–day period and the additional 30–day period had run, proofs of claim were filed on behalf of North Memorial Medical Center and Student Loan Servicing Center by the Tiedens. The trustee objected to allowance of all claims on the basis of their late filing.

## ISSUE

The issue before us is whether a claim filed in a Chapter 13 case after the 90–day deadline set by Rule 3002(c) of the Federal Rules of Bankruptcy Procedure should be disallowed?

**2.** Our method of statutory interpretation, the "plain language" doctrine, is widely accepted and applied by a majority of the current Supreme Court. *See, e.g., Patterson v. Shumate,* — U.S. —, — 112 S.Ct. 2242, 2248–51, 119 L.Ed.2d 519 (1992); *Connecticut Nat'l Bank v. Germain,* — U.S. —, —, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992); *U.S. v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992); *Union Bank v. Wolas,* — U.S. —, — 112 S.Ct. 527, 530, 116 L.Ed.2d 514 (1991); *Board of Governors v. Mcorp Financial, Inc.,* — U.S. —, —, 112 S.Ct. 459, 465–66, 116 L.Ed.2d 358 (1991). Although the "plain meaning" doctrine is not always followed,

## DISCUSSION

■ The resolution of this question requires an examination of several provisions of the Bankruptcy Code and Rules. Although "canons of construction are no more than rules of thumb that help courts determine the meaning of legislation," *Connecticut Nat'l Bank v. Germain,* — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), the examination commences with the language of the statutes itself. *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 557, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) ("the fundamental canon [of] statutory interpretation begins with the language of the statute itself."); *U.S. v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). "The sole function of the court is to enforce [the statute] according to its terms." *Id.* 489 U.S. at 241, 109 S.Ct. at 1030 (citing *Caminetti v. U.S.,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). Defining the terms of the statute, we must "presume that a legislature says in a statute what it means and means in a statute what it says there." *Germain,* — U.S. at —, 112 S.Ct. at 1149. When the language before the court expresses Congress' intent with precision, as it does here, reference to legislative history and to pre-Code practice is not necessary. *Ron Pair Enter., Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030.[2]

Section 501 is our starting point. Simply, section 501 tells us who can file a claim; it does not set out the time limits for filing. Legislative history tells us that

[it is] regrettable that we have a legal culture in which [legislative history and policy] arguments have to be addressed ... with respect to a statute utterly devoid of [ambiguity].
*Union Bank,* — U.S. at —, 112 S.Ct. at 534 (Scalia, J., concurring).
... [T]he phenomenon [of looking outside the "plain meaning" of words in the statute] calls into question whether our legal culture has so far departed from attention to text, or is so lacking in agreed-upon methodology for creating and interpreting text, that it any longer makes sense to talk of "a government of laws, not of men."
*Patterson,* — U.S. at —, 112 S.Ct. at 2250–51 (Scalia, J., concurring).

"[t]he Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, *which will determine whether claims are timely or tardily filed.*" H.R.Rep. No. 595, 95th Cong., 1st Sess., 351 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307 (emphasis added). Rule 3002 of the Federal Rules of Bankruptcy Procedure addresses these issues:

> **(a) Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed,....

> **(c)** [3] **Time for Filing.** In a chapter 7 liquidation or chapter 13 individuals debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, ...

Fed.R.Bankr.P. 3002. Read together, Rules 3002(a) and 3002(c) do not explicitly say but imply that filing with in the prescribed period is a prerequisite to allowance. This erroneous reading arose when the drafters of the new Rule 3002 hastefully copied the substance of *old* Rule 302 without paying any attention to the major change in the underlying statute. Under the Bankruptcy Act, late claims were explicitly disallowed. Section 57(n) of the Act provided that ... "[c]laims which are not filed within six months after the first date set for the first meeting of creditors *shall not be allowed* ..." 11 U.S.C. § 93(n) (repealed Oct. 1, 1979) (emphasis added). The old Bankruptcy Rule implemented this time bar.[4] However, a time bar does not expressly exist under the Code or Rules.

All of this has been compounded by attorneys, judges and commentators who have carried forward the old Act habit of referring to the date set for filing claims as the "bar date." Under Section 57(n) of the Act it was a bar date; however under Section 502 of the Code it is not. Continued mischaracterization of the time period has led to reliance on the words themselves without actually understanding them or what the statute actually says.

The language of the official bankruptcy forms further aggravates the problem and confusion. These forms provide that:

> claims which are not filed within ninety days following the above date set for the meeting of creditors will not be allowed, *except as otherwise provided by law.*

Again, reading this clause without actually understanding its significance leads one to believe that tardily filed claims are not allowed. However, the law does in fact "otherwise provide" that tardily filed claims are allowed.

Focusing on the operative language, we find that allowance of claims is specifically governed by Section 502 of the Code. Section 502, in relevant part, provides:

> **Allowance of claims or interests.**

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless* a party in interest ... objects.

> (b) ... if such objection to a claim is made, the court, after notice and a hearing ... *shall allow such claim ... except* to the extent that—

11 U.S.C. § 502 (emphasis added). Section 502 then sets out eight specific grounds for disallowing claims. Tardy or late filing is not one of them. The statute says what the statute means: "the court ... *shall allow* ... claim[s] ... except...." 11 U.S.C. § 502(b) (emphasis added). The words are clear; "lateness is not a ground for disallowance under section 502 of the Code." *In re Horner*, 1991 WL 353297 (Bankr.N.D.Ill. Sept. 21, 1991) (dicta); J. Keith M. Lundin, *Chapter 13 Bankruptcy*, § 7.24 at 7–59 (Sept. 1992 galley proof). In fact, in the face of an objection based on

---

**3.** *Consistent with the statute, Local Rule 502 provides:*

> [t]he last day to timely file a proof of claim is fixed at 90 days after the date set for the meeting of creditors.

Local Rule 502 does not address the allowance, disallowance or treatment of claims.

**4.** *The Advisory Committee Note to Rule 13–302(e)(2) explains that the language "of subdivision (e) is adopted from § 57(n) of the Act and retains the time limits on the filing of claims established by the statutory provisions."*

lateness, the statute explicitly requires us to allow the claim.

■ When Congress speaks as clearly as it has done here, the plain meaning of the legislation is conclusive, except in those "rare cases" in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters. *Ron Pair Enter., Inc.*, 489 U.S. at 242–43, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Here, however, the exception does not apply. Allowance of tardily filed claims clearly does not contravene the intent of the framers of the Code. Indeed, allowing tardily filed claims does not conflict with any other section of the Code, the legislative history of section 502 or for that matter with any important state or federal interest.[5] The trustee has failed to articulate any argument or policy reason why Congress would have intended to disallow late filed claims. The language being clear and in conformity with the intent of Congress, the plain meaning is conclusive; tardily filed claims are allowed.

In fact, while not directly applicable in a Chapter 13 case, § 726 supports our conclusion that tardily filed claims should be allowed. Among the priorities of distribution in section 726(a) are allowed unsecured claims which are "timely filed" and those which are "tardily filed." Thus, absent some other basis of disallowance, tardily filed claims are allowed and entitled to distribution if there is enough money. While we recognize that section 726 applies only to Chapter 7 cases, it is a clear illustration of the principal: while treatment of a claim may be dependent on its timeliness, allowance is not.

Given the clarity of the statutory text, the trustee's burden of persuading us that Congress intended tardily filed claims to be disallowed is exceptionally heavy. *Union Bank,* —— U.S. at ——, 112 S.Ct. at 530

(citing *U.S. v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989)). The trustee, reading section 502 and Rule 3002 together, argues that tardily filed claims should not be allowed. Essentially, the trustee asserts that Rule 3002 complements section 502 by not allowing late filed claims. However, the trustee's reading ignores the obvious; section 502 and Rule 3002 are not complementary but independent. Considering the independent functions of each provision, the trustee's reading is simply incorrect.

Fundamentally, treatment or classification of claims is different from allowance. A creditor who files a claim is seeking payment under the debtor's plan. Section 502 identifies what claims are entitled to treatment under the plan. Once claims are allowed under section 502 they may then be classified by the plan for treatment under the plan. To this end, Rule 3002 plays an important role. Rule 3002 expressly provides the criteria for determining whether a claim is timely or tardy, a distinction which is explicitly significant in a chapter 7 case and which provides a basis for differing treatment in a chapter 13 plan.

■ The rights of tardily filing claim holders in Chapter 13 cases are not defined by the Code but rather are controlled by the Chapter 13 plan. *See* 11 U.S.C. § 1322(b)(10). The plan may treat these claims in several different ways. The plan may provide that tardily filed claims be paid after timely filed claims are paid in full or for no payment at all. The plan may provide identical treatment for all allowed unsecured claims, regardless of timeliness or for payment at a different percentage than timely filed claims.

What is to be gleaned from this exercise is that treatment or classification of a claim is distinct from allowance under the Code. We need not choose between giving effect

---

**5.** As we discussed above, allowing late filed claims under Code section 502 may arguably conflict with Rule 3002 of the Federal Rules of Bankruptcy Procedure. However, we interpret the rule is such a way as the to eliminate the inconsistency. Even if they were inconsistent,

it is the rule that must fall, not the statute. *See U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir.1990). *See also In re Klein,* 110 B.R. 862, 870 (Bankr.N.D.Ill.1990); *In re Grabill Corp.,* 113 B.R. 966, 974 (Bankr.N.D.Ill. 1990). *See* 28 U.S.C. § 2075.

on the one hand to § 502 and on the other to Rule 3002. Independent application gives effect to the express language of both Code section 502 and Rule 3002 avoiding any unnecessary conflict or contradiction between the two. *See U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990) (discussing the conflict between § 726 and Rule 9006 the court stated: "We cannot have a statute that specifically allows payment of tardily filed claims and rules that prohibit their filing. Accordingly, to the extent that Rule 9006 contradicts the statute, it cannot stand.") *See also In re Klein,* 110 B.R. 862, 870 (Bankr.N.D.Ill.1990); *In re Grabill Corp.,* 113 B.R. 966, 974 (Bankr.N.D.Ill.1990). *See* 28 U.S.C. § 2075 (Congress intended Code supremacy when it stated: "[Bankruptcy] rules shall not abridge, enlarge, or modify any substantive right.").

The trustee, going beyond the language of the statutes, asserts that operation of section 502 and Rule 3002 is governed by pre-Code practice. As support, the trustee cites a series of cases that, to some, is the "weight of authority." [6] Specifically, the trustee cites *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990) for the proposition that a claim, tardily filed, in a Chapter 13 case, is not allowable. *Id.* at 217. The *Glow* court primarily rests on *Wilkens v. Simon Bros., Inc.* (*In re Wilkens*), 731 F.2d 462 (7th Cir.1984). Reliance on *Wilkens,* however, is misplaced.[7]

The *Wilkens* court found that Rule 13–302(e)(2) of the Rules of Bankruptcy Procedure under the Bankruptcy Act of 1898 controlled its decision.[8] The Advisory Committee Note to Rule 13–302(e)(2) explains that the language "of subdivision (e) is adopted from § 57(n) of the Act and retains the time limits on the filing of claims established by the statutory provisions." Section 57(n) of the Act provided that ... "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall *not* be allowed ..." 11 U.S.C. § 93(n) (repealed Oct. 1, 1979) (emphasis added). Section 502 of the Code, on the other hand, does not, by its express terms, exclude late claims. Indeed, the drafters, aware of Section 57(n) and Rule 13–302(e)(2) of Bankruptcy Act of 1898, chose not to include late filed claims as grounds for disallowing claims. Pre–Code practice is hardly relevant where, as here, the Code specifically changes the practice. *See, e.g., U.S. v. Ron Pair Enter., Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030.

The *Glow* court also places heavy reliance on *In re Chirillo,* 84 B.R. 120 (Bankr. N.D.Ill.1988). The *Chirillo* court held that a creditor's claim, filed late, in a Chapter 13 case, is not allowed. The *Chirillo* court found that

[c]ase law supports this construction [of the Rules and Code]. Former Bankruptcy Rule 302(e) contained the same type of bar date as present Rule 3002(e); the only difference is that the former rule

**6.** Included in the "weight of authority" is *In re Davis,* 936 F.2d 771 (4th Cir.1991); *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462 (7th Cir.1984); *In re Pigott,* 684 F.2d 239 (3d Cir.1982); *In re Street,* 55 B.R. 763 (Bankr. 9th Cir.1985); *In re Smartt Const. Co.,* 138 B.R. 269 (D.Colo.1992); *Richards v. U.S.* (*In re Richards*), 50 B.R. 339 (E.D.Wash.1989); *In re Tomlan,* 102 B.R. 790 (E.D.Wash.1989); *In re Richards,* 50 B.R. 339 (E.D.Tenn.1985); *In re Weissman,* 126 B.R. 889 (Bankr.N.D.Ill.1991); *In re Wells,* 125 B.R. 297 (Bankr.D.Colo.1991); *In re Harper,* 138 B.R. 229 (Bankr.N.D.Ill.1991); *In re Scott,* 119 B.R. 818 (Bankr.M.D.Ala.1990); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990); *In re Woodhouse,* 119 B.R. 819 (Bankr.M.D.Ala.1990); *In re Chirillo,* 84 B.R. 120 (Bankr.N.D.Ill.1988); *In re Int'l Resorts, Inc.,* 74 B.R. 428 (Bankr.N.D.Ala.1987); *In re Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987); *In re Matthews,* 75 B.R. 379 (Bankr.E.D.Mo.1987); *In*

*re Goodwin,* 58 B.R. 75 (Bankr.D.Me.1986); *In re Kennedy,* 40 B.R. 558 (Bankr.N.D.Ill.1984).

**7.** Beyond misapplying *Wilkens,* the *Glow* decision is without reason. After quoting the *Wilkens* decision at great length, the *Glow* court, in summary fashion, states:

[a]lthough the *Wilkens* case was decided under Rule 13–302(e)(2), the predecessor to the present Bankr.R., this Court concludes that the holding in *Wilkens* is still applicable under the present Bankruptcy Rules.

Conclusory statements of law, to us, are less than persuasive. We are similarly unimpressed with lack of specificity other courts have used in discussing this issue.

**8.** The debtor's Chapter 13 case was filed in early 1981, long before the promulgation of the new Rules which took effect on August 1, 1983. Therefore, the old Rules were applicable.

allowed six months from the first meeting of creditors instead of 90 days. *In re Glow*, 111 B.R. at 216 (quoting *In re Chirillo*, 84 B.R. at 122). We do not agree that timing is the only difference. Code section 502 is anything but analogous to section 57(n) under the Act. Again, section 57(n) specifically provided that ... "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall *not* be allowed ..." 11 U.S.C. § 93(n) (repealed Oct. 1, 1979) (emphasis added). Section 502, on the other hand does not exclude late claims. Once again, reliance on the Bankruptcy Act and its Rules is misplaced. Therefore, we respectfully disagree with both the *Chirillo* and *Glow* courts and all courts that follow them.

THEREFORE, IT IS ORDERED: The trustee's objections to the claims are overruled and:

1. claim number 7, filed in case number 4–91–6398 by North Memorial Medical Center, is allowed in the amount of $410.21;

2. claim number 8, filed in case number 4–91–6398 by Student Loan Servicing Center, is allowed in the amount of $1,800.00;

3. claim number 18, filed in case number 4–91–6571 by Norwest Bank Minnesota, N.A., is allowed in the amount of $5,164.40;

4. claim number 14, filed in case number 3–91–6802 by Minneapolis Collection Bureau, is allowed in the amount of $767.67;

5. claim number 7, filed in case number 3–90–4460 by Reliance Recoveries, is allowed in the amount of $442.68; and

6. claim number 14, filed in case number 3–91–1964 by John's Hillcrest Pharmacy, is allowed in the amount of $1,755.28.