**In re Billy Dean CROOKER, Patricia Geraldine Crooker, Debtors.**

**Bankruptcy No. 92–20928.**

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

Oct. 19, 1993.

Bernard W. Southgate IV, Newport, KY, for debtors.

Thomas L. Canary, Lexington, KY, for Ford Motor Credit Co.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the Motion for Allowance of Late Filed Claim of creditor Ford Motor Credit Company ("FMCC") filed herein on June 9, 1993. On June 29, 1993, this Court entered an Order allowing any entity entitled to file an objection to do so and setting briefing times for such entities and for FMCC. The Chapter 13 trustee filed an Objection to Claim on July 16, 1993. The debtors filed an Objection to Claim on July 26, 1993. FMCC filed its Memorandum in Support of Its Allowance of Late Filed Claim on August 11, 1993. The Chapter 13 trustee withdrew his objection on August 26, 1993.

The debtors filed their Chapter 13 petition on June 12, 1992. Review of their petition and of the entire case record reveals that FMCC was never listed as a creditor, either originally or in any amendment, and therefore never received official notice of the bankruptcy. The Chapter 13 trustee has acknowledged this fact in his Withdrawal of Objection to Claim. There has been no evidence offered that FMCC had actual knowledge of the bankruptcy in sufficient time to make a timely filing of its claim.

Federal Rule of Bankruptcy Procedure 3002(c) requires that proofs of claim be filed within ninety days after the first meeting of creditors called pursuant to 11 U.S.C. § 341. Exceptions set out in this Rule do not apply in this case. FRBP 9006(b)(3) allows enlargement of time for taking action under Rule 3002(c) only to the extent and under the conditions set out in that rule. FMCC has cited *In re Hausladen*, 146 B.R. 557, 559 (Bkrtcy.D.Minn. 1992), for the proposition that lateness is not a basis for disallowance pursuant to 11 U.S.C. § 502(b) because it is not specifically provided for there. The *Hausladen* court was further of the opinion that Rule 3002 merely implied a bar date. This Court disagrees with the *Hausladen* court's conclusions, and declines to follow its ruling.

A better approach to this issue is found in *In re Zimmerman*, 156 B.R. 192 (Bkrtcy.W.D.Mich.1993). The *Zimmerman* court points out that Rule 3002 "... clearly poses a time bar against the late filing of claims." At page 197. The court goes on to state: "While FED.R.BANKR.P. 3002 does not explicitly state that late claims are barred, it does make timely filing a prerequisite to allowance." At page 198. With this requirement in mind, the court analyzes the process of allowance or disallowance of claims, discussing the interrelationship of Rule 3002, § 501 and § 502(b):

> [T]he process of claim allowance involves several steps, and 'disallowance' under these two provisions [§ 502(b) and Rule 3002] describes different events. The first step in the process is filing a claim. The substantive rights of various parties to file claims are found in § 501; the procedure for doing so is located in FED. R.BANKR.P. 3002. Once filing is accomplished, the substance of the claim is considered under § 502. A claim may not be allowed because of defects at any of these steps.... But, like an answer to a complaint, whether a claim is eligible to be considered under § 502 at all depends upon its proper and timely filing.

At page 198.

This Court agrees with the *Zimmerman* court's analysis and its conclusion that Rule 3002(c) imposes a bar date against late claims. FMCC's claim must therefore be rejected as untimely filed.

FMCC has raised the issue of whether the debt represented by its claim should be discharged, since it is not provided for in the debtors' plan. The Court declines to rule on this issue as it is more properly brought before the Court by way of an adversary proceeding. *See* FRBP 7001.

In consideration of the foregoing, it is therefore the opinion of this Court that it may not accept the late-filed claim of FMCC. An order in conformity with this opinion will be entered separately.