**In re Kevin Lynn MELTON, Kimberly Monita Melton, Debtors.**

**Bankruptcy No. 94–10825.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

April 8, 1996.

Robert Barron, Nederland, Texas, for Debtors.

David Mora, Houston, Texas, for IRS.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

The Court heard Debtors' Objection to Allowance of Claim of Internal Revenue Service (IRS) pursuant to regular setting. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed their Chapter 13 petition on October 5, 1994. On November 18, 1994, Debtors filed a proof of claim on behalf of the IRS in the amount of $8,076.00. The last date to file claims was February 8, 1995. On March 8, 1995, Debtors withdrew the claim they had filed on behalf of IRS. On April 3, 1995, the IRS filed a proof of claim (IRS claim) in the amount of $8,041.82. Debtors filed their Objection to Allowance of Claim of Internal Revenue Service (Objection) on May 3, 1995. The Objection requests disallowance of the IRS claim because it was late-filed.

### DISCUSSION

The positions of the parties are rather straight forward. Debtors take the position that since they filed the proof of claim on behalf of the IRS, they have the authority to withdraw it and therefore, the only valid claim on file is the late filed claim filed by the IRS. The Debtors argue that late filing alone is grounds to deny the claim. IRS takes the position that the attempted withdrawal of the claim filed by the Debtors was ineffective and that the claim filed by them is either an amending or superseding claim under the rules or alternatively, the fact of late filing is not grounds for disallowance under 11 U.S.C. § 502.

The Debtors filed their claim on behalf of the IRS pursuant to Federal Rule of Bankruptcy Procedure 3004 which specifically allows a debtor to file on behalf of a creditor when that creditor fails to file a proof of claim. The IRS correctly points out that Federal Rule of Bankruptcy Procedure 3006 allows a *creditor* to withdraw a claim by filing a notice of withdrawal. Although Rule 3004 allows a Debtor to file a claim on behalf of a creditor, there is no corresponding provision in Rule 3006 which would allow the Debtor to withdraw that claim once it has been filed.

The Court does not believe that the IRS position is correct insofar as the Federal Rules of Bankruptcy Procedure are concerned. It is clear from the last sentence of Rule 3004 that in order for the proof of claim filed by the creditor to supersede the proof filed on the creditor's behalf by the debtor, the creditor's proof of claim must be filed "pursuant to Rule 3002" which clearly requires the proof of claim to be filed within 90 days of the first date set for the first meeting of creditors. Therefore, the IRS claim in this case could not supersede the one filed on its behalf by the Debtors regardless of whether the earlier claim was withdrawn or not.

Fortunately for the IRS, it is on much stronger ground with its alternate argument. The IRS asserts that a late-filed claim need not be disallowed under § 502. Section 502 sets out eight specific grounds for disallowing claims. Tardy or late filing is not one of them. Consequently, lateness is not a ground for disallowance under section 502 of the Code. *In re Hausladen,* 146 B.R.

557, 559 (Bkrtcy.D.Minn.1992).[1]

Since the Debtors offered no evidence other than the fact of late filing to support its contention that the IRS claim should be disallowed and since 11 U.S.C. § 502, as it existed at the time this case was filed, did not require disallowing late filed claims, the Court has no basis on which to disallow the claim of the Internal Revenue Service.

ORDERED that the Objection is hereby OVERRULED. It is further

ORDERED that the IRS Claim is hereby ALLOWED.

---

**1.** This line of authority has been overruled by The Bankruptcy Reform Act of 1994. The Bankruptcy Reform Act of 1994 added section 502(b)(9), which disallows late-filed claims. However, The Bankruptcy Reform Act of 1994 only applies to cases filed on or after October, 22, 1994. Debtor filed on October 5, 1994. Therefore, The Bankruptcy Reform Act of 1994 does not apply and *Hausladen* is good law in this case.