**In re Wayne S. HUSMANN and Waltraud B. Husmann, Debtors.**

**No. 01 B 32295.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

April 22, 2002.

Law Offices of Peter Francis Geraci, Indianapolis, IN, for Movant or Plaintiff.

Kenneth H. Struck, Moorestown, NJ, for Respondent or Defendant.

Tom Vaughn, trustee.

### MEMORANDUM OPINION SUSTAINING DEBTORS' MOTION TO DISALLOW CLAIM OF ADVANTA BUSINESS SERVICES

JACK B. SCHMETTERER, Bankruptcy Judge.

This case was filed by Debtors under Chapter 13 of the Bankruptcy Code.

Advanta Business Services ("Advanta") filed its Proof of Claim herein for unsecured claim of $42,640.13 on January 24, 2002, nine days after the claim bar date of January 15, 2002. Advanta was scheduled

as a creditor when this bankruptcy case was filed on September 17, 2001. The January 15, 2002 claim bar date was fixed under Rule 3002(c) Fed.R.Bankr.P. Notice of that date was sent by our Clerk to Advanta on September 19, 2001.

Debtors objected to Advanta's claim and moved on notice to disallow it as untimely under 11 U.S.C. § 502(b)(9)[1]. Advanta did not respond or appear by counsel, but the motion raised an issue whether 11 U.S.C. § 726(a)(3)[2] applies in a Chapter 13 bankruptcy to modify § 502(b)(9).

For reasons stated below, it is concluded that § 726(a)(3) does not apply in Chapter 13, that Debtors' objection is sustained, and by separate order Advanta's late claim is entirely disallowed.

### DISCUSSION

Section 502(b)(9) was added by § 213(a) of the Bankruptcy Reform Act of 1994 to overrule *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) and cases following it. *See* H.R.Rep. No. 103–835 at 48 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3357. The *Hausladen* opinion had reasoned that the absence of any deadline for filing claims under § 501 and § 502 meant that Congress did not intend to bar late-filed claims in a Chapter 13. *Hausladen,* 146 B.R. at 558–60. The opinion reasoned that the 90 day time limit in Rule 3002(c) was the result of a hastily drawn rule whereby the "substance" of time limits from the old Bankruptcy Rule 302, which mirrored the time-limits from Section 57(n) of the Bankruptcy Act, were placed in Rule 3002. Thus, the opinion concluded that Rule 3002

was not intended to contradict the Bankruptcy Code which contained no time limits. *Id.* at 559–60. Therefore, it disregarded the time-limits in Rule 3002 and held that tardily filed claims were allowed in a Chapter 13 case. *Id.* at 559. In a case decided under the pre 502(b)(9) Code [actually decided after § 502(b)(9) was adopted but to a case preceding its effective date], a Panel in the 5th Circuit held that an untimely claim could be filed in a Chapter 13 case pursuant to § 726(3) of the Code. *Matter of Waindel,* 65 F.3d 1307 (5th Cir.1995). The Panel adopted the reasoning of *Hausladen* and concluded that untimely claims could not be barred under Rule 3002(c) where there was no explicit bar of such claims under the Code. *Id.* at 1309. Although the Panel conceded that Chapter 7 did not apply to cases under Chapter 13, it observed that § 1325(a)(4) incorporated a provision of Chapter 7 by requiring that any confirmed plan had to pay a creditor an amount equal to what it would receive under a Chapter 7. Without further explanation, the court then applied § 726 to the case. *Id.* at 1310 n. 7, although the concurring opinion disagreed, 65 F.3d at 1313 ("It is quite clear that § 726 does not apply to Chapter 13.").

Section 502(b)(9) was added to resolve the confusion over whether to allow late-filed claims, and to respond to the controversy surrounding *Hausladen. Waindel, Id.* at 1308 (noting that Congress "fixed" the problem of whether to allow late-filed claims for cases after October 1994 with the enactment of § 502(b)(9)); *In re Den-*

---

**1.** Section 502(b)(9) provides: "[T]he court ... shall determine ... and shall allow such claim ... except to the extent that proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure...."

**2.** Section 726(a)(3) provides: "[P]roperty of the estate shall be distributed third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title...."

*nis,* 230 B.R. 244, 248–49 (Bankr.D.N.J. 1999).

 Although, enactment of § 502(b)(9) solved one problem, it created a new issue, which is whether § 726 applies to Chapter 13 cases. *In re Lang,* 196 B.R. 528, 530 (Bankr.D.Ariz.1996). This is because § 502(b)(9) excepts claims filed under § 726(a)(1)-(3). However, § 103(b) of the Code helps to resolve any ambiguity by stating that Subchapters I and II of Chapter 7, which includes § 726, only apply to a case "under such chapter." 11 U.S.C. § 103(b). Also, pursuant to § 103(a), with certain exceptions, Chapters 1, 3, and 5 of the Bankruptcy Code apply to all cases under Chapter 7, 11, 12, or 13. This explains why § 502(b)(9) references § 726 as an exception applicable to Chapter 7 cases. Thus, " § 726 applies directly only in cases under Chapter 7." 6 *Collier on Bankruptcy,* 726.01 (15th Ed. Rev. 2001); *Lang,* 196 B.R. at 530 (§ 726 has no place in a chapter 13).

The reason why § 726 does not apply to Chapter 13 cases was summarized by the Ninth Circuit opinion in *In re Osborne,* 76 F.3d 306, 310 (9th Cir.1996): "The goal of the distribution scheme in Chapter 7 liquidations ... is to insure that all parties have an opportunity to collect from the estate's limited assets.... Hence, even tardy claims must be paid before any distribution to the debtor may be made.... In stark contrast, a Chapter 13 debtor retains the assets of the estate in exchange for an agreement to make periodic payments to the creditors.... Accordingly, if late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine with finality whether a Chapter 13 plan satisfies [the requirement to pay creditors what they would receive under a Chapter 7] this standard." *See also In re Chavis,* 47 F.3d 818, 823–24 (6th Cir.1995) (same).

The conclusion that late filed creditor claims are barred from any recovery in Chapter 13 is further reenforced by a Bankruptcy Rules amendment in 1996 to implement the addition of § 502(b)(9). Under Rule 3002(c) the 90–day bar date can only be extended for certain reasons, while Fed.R.Bankr.P. 9006(b)(3) which limits enlargement of deadlines states that time limits under Rule 3002(c) cannot be enlarged except to the extent prescribed therein.

### CONCLUSION

Advanta's claim was untimely and must be disallowed under 11 U.S.C. § 502(b)(9). An order to that effect will be separately entered.